This is an action to recover $706.32, a balance alleged to be due for the installation of an elevator in the hotel of the defendant, then in course of construction.
The plaintiff did not allege a special contract in the complaint, but sought to recover the value of the property.
The defendant filed answer denying the material allegations of the complaint, including the allegation that the plaintiff was a corporation.
The evidence tends to prove that the defendant had in contemplation building a hotel of ten stories, and that it entered into a written contract with the plaintiff for the installation of the elevator; that it did not complete the building beyond the seventh story; that the plaintiff installed the elevator to the seventh story and was ready and able to install it to the tenth story; that the defendant paid the plaintiff the pro rata part of the purchase price based on a ten-story building, but not the pro rata part or the value, based on a seven-story building.
The plaintiff was permitted to introduce the written contract, and the defendant excepted.
The defendant moved for judgment of nonsuit upon the ground that there was no evidence of the corporate existence of the plaintiff, which was overruled, and the defendant excepted.
The jury returned a verdict in favor of the plaintiff for $382.60, and from the judgment rendered thereon the defendant appealed. *Page 371 
The written contract furnishes evidence that the defendant was dealing with the plaintiff as a corporation, and it was therefore competent against the defendant as evidence of corporate existence. Ryan v. Martin,91 N.C. 465; Bank v. Duffy, 156 N.C. 84.
It also follows, as this evidence was properly admitted, that his (320) Honor could not grant the motion for judgment of nonsuit upon the ground that there was no evidence that the plaintiff was a corporation.
No error.