MONTROSE BROWN, Administratrix of the Estate of JAMES F. BROWN,
    Deceased, v. L. H. BOTTOMS TRUCK LINES, INC.

(Filed 19 May, 1948.)

**Automobiles § 18h (2)—**

> The accident in suit occurred in the State of Virginia. Evidence tending
> to show that defendant's truck had been driven to its left of the center of
> the highway, but that it had been brought back on its right side of the
> highway and had traveled some distance thereon when the collision be-
> tween it and the truck operated by plaintiff's intestate, approaching from
> the opposite direction, occurred, without evidence that defendant's truck
> was being operated at excessive speed or of any other act of negligence,
> *is held* insufficient to overrule defendant's motion to nonsuit. Michie's
> Virginia Code, sec. 2154 (112).

Appeal by plaintiff from *Warlick, J.*, at September Term, 1947, of
Guilford. Affirmed.

*Wm. E. Comer for plaintiff, appellant.*
*Roberson, Haworth & Reese for defendant, appellee.*

Devin, J. Plaintiff instituted her action to recover damages for the
wrongful death of her intestate and the destruction of his motor truck,
alleging that these injuries to person and property were proximately
caused by the negligence of the defendant in the operation of one of its
trucks.

It appears that after the award of compensation by the North Carolina
Industrial Commission for the death of plaintiff's intestate, an employee
of the defendant, was affirmed by this Court (*Brown v. Truck Lines,*
227 N. C., 299, 42 S. E. (2d), 71), a voluntary nonsuit was entered as
to the cause of action for wrongful death, but plaintiff continued to
prosecute her action for the destruction of the truck.

The injury complained of resulted from a collision between the truck
owned and being driven at the time by plaintiff's intestate, and a truck
of defendant Bottoms Truck Lines, Inc., on a highway in the State of
Virginia. The Bottoms truck, southbound, about 9 p.m., had crossed a
small bridge and had traveled 40 yards beyond when it collided with the
Brown truck proceeding in the opposite direction. The road at this place
was straight for three or four hundred yards. The paved surface was
18 feet wide, and on the bridge somewhat less. Following the collision
Brown's truck struck the concrete abutment of the bridge, was set on
fire and destroyed, and Brown lost his life.

On the trial plaintiff offered, without objection, the declaration of
W. E. Harris, driver of defendant's truck, from which it appeared that
in crossing the bridge he drove near the center, but after crossing he was

pulling over to the right and straightening up when the rear of the trailer of the Brown truck struck the side of his cab. The debris indicating the place of contact was slightly on the left of the center of the road looking north. The plaintiff's witness Bell testified from an examination of the tire marks on the road shortly after the collision "the marks of the Brown truck were possibly a little to the left of the center of the road on Brown's left," and that the only markings he saw would indicate the impact took place "on Harris' side of the road."

At the conclusion of plaintiff's evidence, defendant's motion for judgment of nonsuit was allowed by the trial judge, and in this ruling we concur.

While there was evidence that in crossing the narrow bridge defendant's truck was being driven near the center of the roadway, it also appears that defendant's driver immediately afterward pulled over or was pulling over on his proper side of the road, and that it was after he had traveled a distance of 40 yards from the bridge that he was struck by the Brown truck which was then slightly to the left of the center of the road, indicating that at the time of the injury the Bottoms truck was on its right of the center of the road. The evidence fails to show negligence on the part of defendant's driver proximately causing the injury complained of.

The Virginia statutes establishing rules of the road for motor vehicles, and particularly requiring drivers of vehicles proceeding in opposite directions to yield one-half of the traveled portion of the road in passing, are substantially the same as those generally in force throughout the county, and in this State. Michie's Virginia Code, 1936, sec. 2154 (112); *Smith v. Turner,* 178 Virginia, 172, 16 S. E. (2d), 370; *Huffman v. Jackson,* 175 Virginia, 564, 9 S. E. (2d), 295.

There was no evidence of unusual or unlawful speed on the part of defendant's truck, or of negligence in any of the respects alleged in the complaint.

The judgment of nonsuit was properly entered.

Affirmed.