## EMMA JENKINS v. CITY COACH COMPANY.

(Filed 30 November, 1949.)

**1. Carriers § 21a (1) —**

A motor carrier of passengers for hire is not an insurer of their safety but may be held liable for personal injuries proximately caused by its failure to exercise the highest degree of care for their safety compatible with the practical operation of its business.

**2. Carriers § 21b—Evidence held insufficient to show that bus driver failed to use highest degree of care for safety of passengers.**

Evidence that a bus was being operated on its right side of a highway in a careful manner at a lawful speed and that a car approaching from the opposite direction, traveling on its right side of the highway, suddenly swerved to the left and crossed the highway, striking the front end of the bus, and that the bus slowed down immediately before the accident and was turned to its right so that its front wheels were off the hard surface on the right side at the time of impact, *is held* insufficient to be submitted to the jury in an action by a passenger for injuries received in the accident notwithstanding evidence that immediately before the accident the driver was laughing and talking with passengers, since slowing the bus and turning it to the right in the short time the danger was apparent discloses that the driver was paying due attention to the road, and the driver may not

be held to the duty of anticipating the sudden unlawful movement of the automobile.

**3. Automobiles § 13—**

A motorist driving on his right side of the highway is not required to anticipate that a vehicle approaching from the opposite direction on its own side of the road will suddenly turn into his path, but has a right to expect that the approaching vehicle will remain on its own side of the road until the vehicles meet and pass in safety.

APPEAL by plaintiff from *Bobbitt, J.,* at the August Term, 1949, of GASTON.

The plaintiff, Emma Jenkins, a fare-paying passenger, sued the defendant, City Coach Company, a motor vehicle carrier engaged in transporting passengers for hire between various cities and towns in Gaston County, for damages for personal injuries suffered by her in a collision between a motor bus of the defendant and an automobile driven by some third person, which occurred 31 August, 1948, on a public highway connecting Gastonia and Ranlo. The complaint alleged "that just before the automobile . . . met the bus, the automobile swerved sharply to the left and crossed the highway, striking the front end of the bus, completely wrecking the automobile, damaging the bus, and causing this plaintiff to be thrown from her seat and injured" and that the driver of the defendant's bus "was negligent and careless in the operation of the bus in that he . . . was not observing the highway on which he was driving at all, and made no effort to stop the bus or do anything else to avoid a collision, which he should have reasonably expected under the circumstances."

The testimony presented by the plaintiff tended to show that the highway was hard surfaced; that the bus was traveling towards Gastonia, and the automobile towards Ranlo; that the bus had stopped "to let passengers on and off at the Ranlo Crossroads" 200 yards from the place of the accident and "had not gotten back into regular speed when the collision occurred"; that as the two vehicles met and collided, the bus was being operated upon the right half of the highway in the direction in which it was proceeding; that "the bus slowed down immediately before the accident," was driven "kind of off the hard surface on the right side of the road," and came to rest after the impact with its front end "off the road" and its rear end "in the road"; that before the accident "there was talking and laughing at the front of the bus between part of the passengers and the bus driver" and "the bus driver turned his head to the right and said something" to one of the passengers; and that the witnesses for the plaintiff "did not know which way his head was turned" at the time of the collision.

When the plaintiff had introduced her evidence and rested her case, the court allowed the motion of the defendant for a compulsory nonsuit

under G.S. 1-183, and entered judgment accordingly. The plaintiff excepted and appealed, assigning this ruling as error.

*John A. Wilkins and S. B. Dolley for plaintiff, appellant.*

*W. M. Nicholson and Porter B. Byrum for defendant, appellee.*

ERVIN, J. A motor vehicle carrier for compensation is not absolutely liable to its passengers for personal injuries sustained by them in the course of their transportation. But it does owe to its passengers the duty of exercising the highest degree of care for their safety compatible with the practical operation of its motor vehicles, and is legally accountable to them for personal injuries proximately caused by its negligence in failing to perform such duty. *Humphries v. Coach Co.,* 228 N.C. 399, 45 S.E. 2d 546; *White v. Chappell,* 219 N.C. 652, 14 S.E. 2d 843.

The appeal presents this problem: Was the evidence adduced by plaintiff at the trial sufficient to show the essential elements of a cause of action under this rule?

The plaintiff maintains that this question should receive an affirmative answer. To support this position, she lays hold upon the testimony that before the accident the bus driver was talking and laughing with passengers seated near the front of the bus, and on that basis alone invokes a triple inference: (1) That since he was talking and laughing, the bus driver did not observe the highway ahead; (2) that since he did not see the highway ahead, he did not anticipate that the automobile would suddenly swerve across the highway and strike the bus just as the two vehicles met; and (3) that since he did not foresee the untoward swerving of the automobile, he "made no effort to stop the bus or do anything else to avoid a collision, which he should have reasonably expected under the circumstances."

The wisest of men noted the therapeutic property of laughter centuries ago, and preserved his discovery in the uplifting proverb: "A merry heart doeth good like a medicine." A poet of a later age and clime has declared that "there's nothing worth the wear of winning but laughter and the love of friends." For these reasons, the law ought not to do such a solemn thing to life as to discountenance laughter unless it is forced to do so by the direst of compulsions. Besides, there may be more than a modicum of scientific truth in the oft repeated assertion that man is distinguished from other animals merely by his capacity to laugh, and we would be reluctant, indeed, to adjudicate with grave mien in any case that possibly the only characteristic difference between man and beast constitutes evidence that man is a negligent creature. Happily, the record on this appeal saves us from so gloomy a task. It negates the two prerequisites to liability, to wit, negligence and proximate cause.

The evidence of the plaintiff discloses with positiveness that the operator of the bus was driving in a careful manner and at a lawful speed upon the proper side of the highway as he approached and met the automobile. *Brown v. Truck Lines,* 229 N.C. 122, 47 S.E. 2d 711. Moreover, it compels the conclusion that he was keeping a vigilant lookout for vehicles approaching from the opposite direction. This is made certain by the testimony showing that despite the sudden and unexpected deflection of the automobile, the driver of the bus took immediate steps to extricate the bus and its occupants from the ensuing peril by reducing the speed of the bus and attempting to drive it from the paved highway onto the dirt shoulder to his right.

The law does not expect clairvoyance of operators of motor vehicles. A motorist, who is proceeding on his right side of the highway, is not required to anticipate that an automobile, which is coming from the opposite direction on its own side of the road, will suddenly leave its side of the road and turn into his. path. He has the right to assume under such circumstances that the approaching automobile will remain on its own side of the road until the vehicles meet and pass in safety. *Brown v. Products Co., Inc.,* 222 N.C. 626,. 24 S.E. 2d 334; *Hancock v. Wilson,* 211 N.C. 129, 189 S.E. 631; *James v. Coach Co.,* 207 N.C. 742, 178 S.E. 607; *Cory v. Cory,* 205 N.C. 205, 170 S.E. 629; *Shirley v. Ayers,* 201 N.C. 51, 158 S.E. 840.

The judgment of nonsuit is

Affirmed.