MRS. FREDA M. LOVING v. EARLE WHITTON AND RICHARD D. GIBSON.

(Filed 15 December, 1954.)

**1. Negligence § 9—**

Foreseeability is an essential element of proximate cause, and proximate cause is a prerequisite of liability for negligence.

**2. Automobiles § 8i—**

The driver of a car along the dominant highway has the right to assume that the driver along the servient highway will obey the mandates of our traffic regulations and stop or yield the right of way before entering the intersection in the absence of any fact or circumstance sufficient to put him on notice to the contrary.

**3. Same: Automobiles §§ 18a, 18d—Upon facts alleged, negligence of driver along servient highway was sole proximate cause of collision.**

In this action by a guest against the drivers of both cars involved in a collision at the intersection of a dominant and servient highway, the complaint alleged that the driver along the servient highway, approaching from the other driver's left, failed to stop at the stop sign but proceeded into the intersection directly in front of and in the path of the driver along the dominant highway. There was no allegation that there was anything to put the driver along the dominant highway upon notice that the driver along the servient highway did not intend to stop before entering the intersection. *Held:* The demurrer *ore tenus* entered by the driver along the dominant highway must be sustained notwithstanding allegations of his negligence in failing to maintain a proper lookout, in failing to give notice or warning of his approach to the intersection, and in traveling at a speed greater than reasonable and prudent under the circumstances, since the negligence of the driver along the servient highway, upon the facts alleged, constitutes the sole proximate cause of the collision and insulates any prior negligence of the other driver.

**4. Torts § 6—**

The second provision of G.S. 1-240 is designed for the protection of the defendant or defendants in a case where plaintiff elects to sue some, but not all, of the alleged joint tort-feasors, and is not applicable when plaintiff sues all of them.

**5. Torts § 6—**

Where plaintiff sues both the joint tort-feasors and the complaint fails to state a cause of action against one of them, the other has no right to insist that the first be retained in the action for the purpose of enforcing contribution.

**6. Pleadings § 31—**

Where plaintiff fails to allege a cause of action against one of the defendants joined as a joint tort-feasor, such defendant's exception to the action of the court in striking certain allegations of his answer setting forth a prior judgment in an action instituted by him against the other defendant, establishing the negligence of the other defendant as the sole cause of the collision, is without merit.

LOVING *v.* WHITTON.

APPEAL by defendant Gibson from *Patton, Special J.,* March A Term 1954, MECKLENBURG.

Civil action to recover compensation for personal injuries sustained in a motor vehicle intersection collision, heard on a motion to strike made in the court below and upon a demurrer *ore tenus* interposed in this Court.

East Seventh Street is an arterial or through street. Intersecting Laurel Avenue is a servient highway having signs erected thereon requiring motorists to stop before entering East Seventh Street. Whitton did not yield the right of way—in addition to the ordinance, Gibson was to Whitton's right. A collision in the intersection resulted. Plaintiff, a passenger on Whitton's automobile, received serious personal injuries. She now sues both motorists as joint tort-feasors to recover compensation therefor. Summons herein was issued 21 May 1953.

On 29 March 1952, Gibson instituted an action against Whitton to recover compensation for property damages and personal injuries sustained by him as a result of the collision. In this action the jury found that the collision was proximately caused by the negligence of Whitton, and that Gibson was not guilty of any act of contributory negligence.

In his answer filed in this cause, Gibson pleads as a defense the sole negligence of Whitton as a bar against any recovery against him (Gibson), and in that connection alleges in his first further answer and defense that this fact has been adjudicated in the action instituted by him against Whitton.

In a second further answer and cross action he pleads in some detail the verdict and judgment in the action instituted by him against Whitton, the adjudication therein of the issue of negligence in his favor, the primary liability of Whitton by reason thereof, and the sole negligence of Whitton as finally adjudicated in that action. For other detailed facts, see *Gibson v. Whitton,* 239 N.C. 11, 79 S.E. 2d 196.

Whitton moved to strike paragraph 2 of the first further answer and all of the second further answer and cross action save and except paragraph 9 thereof. The motion was allowed and defendant Gibson appealed.

When the case was called for argument in this Court, Gibson demurred *ore tenus* to the complaint for that the complaint fails to state a cause of action against him, and that instead the facts alleged disclose that the negligence of Whitton was the sole proximate cause of the collision and the injury sustained by plaintiff as a result thereof.

*Tillett, Campbell, Craighill & Rendleman for plaintiff appellee.*

*Helms & Mullis, Wm. H. Bobbitt, Jr., and Cochran, McCleneghan & Miller for defendant appellee Earle Whitton.*

*Francis H. Fairley and Robinson & Jones for defendant appellant Richard D. Gibson.*

BARNHILL, C. J. On the question raised by the demurrer *or tenus* interposed in this Court by the defendant Gibson, the essential determinative facts alleged by plaintiff may be summarized without quoting verbatim the several allegations of negligence contained in the complaint. These facts, for the purpose of decision of this question, are admitted by the demurrer and must be treated as facts agreed.

She alleges that (1) East Seventh Street is an arterial or through street, (2) Laurel Avenue is a servient highway, and (3) Whitton, traveling on Laurel Avenue, and Gibson, going east on East Seventh Street, approached the intersection of the two streets at approximately the same time.

Then, as to Whitton she alleges that he failed to stop his vehicle "at the stop sign which had been erected at said intersection, and on the contrary and in violation of the traffic ordinances of the City of Charlotte, he proceeded to drive said Cadillac automobile into said intersection and directly in front of and into the path of the DeSoto automobile driven by the defendant Gibson," and that he "drove the said Cadillac automobile in a careless and negligent manner, in that he failed to maintain a proper lookout, failed to keep said Cadillac automobile under proper control, failed to yield the right-of-way to the defendant Gibson who was approaching said intersection at approximately the same time . . . and he carelessly and negligently operated said Cadillac automobile at a speed that was greater than was reasonable and prudent under the conditions then and there existing," and "carelessly and negligently drove said Cadillac automobile in front of and into the path of the automobile driven by the defendant Gibson" "so that there occurred a collision between said two automobiles."

She alleges that defendant Gibson "drove his said DeSoto automobile in a careless and reckless manner, in that he failed to maintain a proper lookout, failed to keep said DeSoto automobile under proper control, failed to give any notice or warning of his approach to said intersection, and he drove said DeSoto automobile at a speed that was greater than was reasonable and prudent under the conditions then and there existing and at a speed in excess of 35 miles per hour in a residential district, and he carelessly and negligently drove said DeSoto automobile into the right side of the automobile driven by the defendant Whitton with great force and momentum."

She alleges further that the alleged negligence of the two defendants concurred in causing the collision of the two vehicles as the result of which she sustained certain personal injuries.

These allegations bring this case within the line of decisions represented by *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88; *Butner v. Spease,* 217

N.C. 82, 6 S.E. 2d 808; *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239; *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111; and *Matheny v. Motor Lines,* 233 N.C. 673, 65 S.E. 2d 361. See also *Aldridge v. Hasty,* 240 N.C. 353; *Smith v. Sink,* 211 N.C. 725, 192 S.E. 108; and *Riggs v. Motor Lines,* 233 N.C. 160, 63 S.E. 2d 197.

"Proximate cause is a prerequisite of liability for negligence and foreseeability is an essential element of proximate cause. Hence, in the final analysis, reasonable foreseeability on the part of the original actor of the subsequent intervening act and resultant injury is the test." *Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295, and cases cited.

There is no allegation that Gibson, in the exercise of due care, should have observed that Whitton did not intend to stop in ample time for him (Gibson) to decrease his speed or stop and avoid the collision. *Matheny v. Motor Lines, supra; Brown v. Products Co.,* 222 N.C. 626, 24 S.E. 2d 334. In the absence of any fact or circumstance sufficient to put Gibson on notice that Whitton did not intend to stop at the intersection or yield the right of way, Gibson had the right to assume that Whitton would obey the mandates of our traffic regulations and yield the right of way to him. He was traveling on the through highway. He and Whitton approached the intersection at approximately the same time when Whitton, without stopping, drove his vehicle "into said intersection and directly in front of and into the path of" the automobile he was driving.

Under the circumstances detailed in the complaint, irrespective of his speed or failure to keep a proper lookout, Gibson could not have avoided a collision with the Whitton vehicle. As between Gibson and Whitton, or a passenger on Whitton's vehicle, the conduct of Gibson may not be held to constitute one of the proximate causes of the collision. The conduct of Whitton made the collision inevitable, insulated any prior negligence of Gibson, and constitutes the sole proximate cause of the collision. *Aldridge v. Hasty, supra; Reeves v. Staley, supra.*

The second provision of G.S. 1-240 is not applicable to the facts in this case. That provision is designed for the protection of the defendant or defendants in cases where the plaintiff elects to sue some but not all of the alleged joint tort-feasors. Here plaintiff sues all. Even if she stated a good cause of action against both, the liability of each would be determined by the verdict on the issues directed to her cause of action. Then, if Whitton should be required to pay the whole judgment, he could protect himself by following the procedure prescribed by the first provision of G.S. 1-240. It follows that Whitton has no right to insist that Gibson be retained as a party defendant in this action for the purpose of enforcing contribution, and that Gibson's exception to the judgment of the court below striking certain allegations in his answer is without merit.

In the event plaintiff fails to apply for and obtain leave to amend within the time allowed by law, G.S. 1-131, defendant Gibson is entitled to judgment that he go hence without day. It is so ordered.

Demurrer *ore tenus* sustained.