GLADYS McLAMB CAPPS, ADMINISTRATRIX OF THE ESTATE OF BOBBY L. CAPPS, DECEASED v. ALEXANDER SMITH.

(Filed 2 December, 1964.)

**1. Parent and Child § 2—**

The administrator of an unemancipated minor child killed by the negligence of his parent has no cause of action against the parent for the wrongful death of his intestate.

**2. Automobiles § 41b— Evidence held not to show negligence in failing to avoid collision with vehicle suddenly turning across defendant's lane.**

The evidence tended to show that the right wheels of a truck ran off the pavement onto the shoulder, that the truck wobbled down the shoulder for a short distance, and then angled back across the pavement in front of defendant's car. It was asserted that defendant was negligent in failing to maintain a proper lookout, driving at excessive speed, and failing to take appropriate action to avoid the collision. *Held:* Even if defendant had seen the truck run off the road the instant it did so, defendant could not have anticipated when, where, or whether the truck would cut back across the highway, and it appearing from the physical facts that defendant could not

have avoided the accident even if he had been traveling at a speed much less than that contended by plaintiff, nonsuit was proper.

**3. Automobiles § 7—**

Negligence involves more than being at a particular place at a particular time.

APPEAL by plaintiff from *May, J.,* April 1964 Civil Session of HARNETT.

Action for wrongful death. These facts are undisputed: About 10:00 a.m. on December 16, 1962, plaintiff's intestate, nine-months-old Bobby Capps, was a passenger in the truck being operated by his father, M. D. Capps, in a westerly direction on rural paved road No. 2042 in Harnett County. The pavement, twenty feet wide, was dry; there was no center line. On a straight, level stretch, Capps lost control of his truck, and the right wheels ran off onto the north shoulder. The truck wobbled down the shoulder for a short distance and then angled back across the pavement in front of defendant's Plymouth automobile, which was traveling east. The front of the Plymouth hit the right side of the truck and damaged its front wheel and fender. In the collision both Bobby Capps and M. D. Capps were killed.

Plaintiff administratrix, the mother of her intestate and the wife of M. D. Capps, was a passenger in the truck. Plaintiff's evidence came from herself and from Curtis Smith, a passenger in the Plymouth. In plaintiff's opinion, Capps was going about *forty-five miles per hour* when he ran off the highway. At that time, defendant was 400 feet away, in the center of the road and was approaching *at a speed of sixty miles per hour.* The truck "wobbled down the shoulder of the road" two or three seconds before it angled to its left across the pavement. *When the truck cut back onto the highway, defendant was then 100 feet away from it. Three seconds later it collided with the Plymouth.* Neither vehicle ever slowed down, and a total of five to six seconds elapsed between the time the truck left the highway and the collision. Curtis Smith's testimony corroborated that of plaintiff.

Defendant's evidence tended to show that his automobile was traveling from forty to forty-five miles per hour on its own side of the road; that he failed to see the truck go off onto the shoulder because his view was obstructed by another car, driven by A. B. Williams, ahead of the truck and traveling in the same direction; and that when the forward car passed him, the truck was not more than a car's length and a half away and came straight across the road in front of him. Williams' testimony corroborated that of defendant. He testified that his attention was attracted to the truck when he heard a sound "like a

tire go out," and in his rear-view mirror he observed the truck leave the pavement.

Defendant offered the testimony of the investigating officer, who said that after the collision the Plymouth was on its side of the road. From the debris and "dug-out marks" which he found in defendant's lane of travel, other marks led directly to the Plymouth. He observed a mark also running off the northern edge of the road and down the shoulder about 100 feet, then coming "back up on the highway" 20 to 21 feet and making a kind of semi-circle to the left.

Defendant's motion for judgment as of nonsuit, denied at the close of plaintiff's evidence, was allowed at the close of all the evidence, and plaintiff appealed.

*Bryan & Bryan for plaintiff.*
*Teague, Johnson and Patterson for defendant.*

PER CURIAM. Plaintiff, alleging that her intestate's death was caused by the joint and concurring negligence of defendant Smith and M. D. Capps, originally sued Smith and Capps' administrator. Although the allegations of Capps' negligence remain in the complaint, his administrator had been eliminated from the case when it reached us. The administrator of an unemancipated minor child killed by the negligence of his parent has no cause of action against the parent for the wrongful death of his intestate. *Lewis v. Insurance Co.*, 243 N.C. 55, 89 S.E. 2d 788; *Goldsmith v. Samet*, 201 N.C. 574, 160 S.E. 835.

Plaintiff's specifications of negligence against Smith are that he failed to keep a proper lookout, drove at a speed in excess of fifty-five miles per hour, and failed to take appropriate action to avoid the collision which he should have anticipated when he saw, or should have seen, the Capps truck go off the highway. Although plaintiff alleges elsewhere in the complaint that the collision occurred in the center of the road, she does not specifically allege that defendant operated the Plymouth to his left of the center of the highway.

Plaintiff's estimates of speed, distance, and time are incompatible because they are mathematically impossible. If two vehicles are 100 feet apart and one of them is traveling forty-five miles per hour and the other sixty miles per hour, they must, of course, necessarily meet in less than three seconds — as a matter of fact, in approximately 0.65 second. Even if one of the vehicles were at a dead stop, the vehicle traveling sixty miles per hour would traverse the distance of 100 feet in approximately 1.14 seconds. Understandably, plaintiff's observations, made under stress and apprehension, are unlikely to have been accu-

rate. All the evidence tends to show that when the Capps truck return-
ed to the pavement, it came across the road directly in front of de-
fendant's approaching automobile, and that the collision occurred on
the paved portion of the highway. If, as we must, we accept plaintiff's
estimate of speed and distance, defendant could not have averted an
encounter with the truck. That he took no evasive action in the time
at his disposal — especially when his view of the truck was obstructed
by another car approaching in front of it — is not evidence of action-
able negligence. *Forgy v. Schwartz*, 262 N.C. 185, 136 S.E. 2d 668. De-
fendant did not see the truck leave the road; but, even if he had, there
is no reason to suppose he could have escaped the crash either by stop-
ping or by turning to the right. He could not have anticipated when,
where, or even whether the truck would cut back across the highway.
In retrospect, it is clear that the only effective action defendant could
have taken would have been to increase his speed so as to have passed
the Capps truck before it returned to the road.

On cross-examination plaintiff conceded that she could not tell
whether defendant was going over fifty miles per hour. If we assume,
however, that he was traveling sixty miles per hour and that he was
in the center of the highway (the undisputed physical facts belie the
latter), neither his speed nor his position on the highway was a proxi-
mate cause of the collision. *Garner v. Pittman*, 237 N.C. 328, 75 S.E. 2d
111; *Butner v. Spease*, 217 N.C. 82, 6 S.E. 2d 808. *Post hoc, ergo prop-
ter hoc*. When the Capps truck suddenly came across the highway di-
rectly in front of him, defendant could not have avoided the impact
had his speed been fifty-five miles per hour or less. Indeed, had he
been stopped in the ditch on his right at that point, the collision would
nevertheless have occurred. Considering all the evidence in the light
most favorable to plaintiff, the motion for nonsuit was properly sus-
tained. *Tew v. Runnels*, 249 N.C. 1, 105 S.E. 2d 108. It is plain that
defendant could have prevented the wreck only by being elsewhere at
the time. "(N)egligence . . . involves more than being at a particu-
lar place at a particular time." *Bobbitt, J.*, in *Henderson v. Henderson*,
239 N.C. 487, 492, 80 S.E. 2d 383, 386.

The judgment of nonsuit is

Affirmed.