MARY PROVIDENCE HOUT, Plaintiff. v. JOHN HENRY HARVELL, JR.,
NINA SMITH HARVELL, AND AUBREY IGNATIUS HOUT, Defendant.

(Filed 3 May, 1967.)

**Automobiles §§ 35, 43—  Negligence of one driver in turning left across
    path of other driver held sole proximate cause of collision.**

> In this action by a passenger in one vehicle against the drivers of both
> vehicles involved in the collision, plaintiff's allegations were to the effect
> that the driver of the car in which she was riding was traveling in an
> easterly direction and turned left across the highway to enter a filling
> station on the north side of the highway, directly in the path of the
> vehicle traveling in a westerly direction and operated by the other de-
> fendant, without allegation of any facts or circumstances disclosing that
> the operator of the other vehicle had timely notice that the vehicle in
> which plaintiff was riding intended to make a left turn directly in front
> of her. *Held:* Demurrer on the part of the driver of the other vehicle was
> properly sustained, notwithstanding allegations that such driver was
> negligent in operating her vehicle at excessive speed and in failing to
> keep a proper lookout, since under the allegations the sole proximate
> cause of the accident was the negligence of the driver of the car in which
> plaintiff was riding.

APPEAL by plaintiff from *Johnston, J.*, November 7, 1966 Civil
Session of RANDOLPH.

Plaintiff, a passenger in a Chevrolet truck owned and operated
by her husband, defendant Hout, brought this action against him
and defendants Harvell to recover for personal injuries inflicted
upon her in a collision between the Hout truck and a Plymouth au-
tomobile operated by defendant Nina Smith Harvell and owned by
her husband, defendant John Henry Harvell, Jr. When the case was
called for trial, defendants Harvell demurred *ore tenus* to the com-
plaint upon the ground that it alleges no *facts* showing actionable
negligence on the part of defendants Harvell but affirmatively dis-
closes that the sole proximate cause of the collision was the negli-
gence of defendant Hout.

In brief summary (except when quoted), the complaint alleges:
On June 19, 1965, about 4:20 p.m., the *feme* defendant was operat-
ing the Harvell Plymouth automobile westerly on U. S. Highway
No. 64, approaching the driveway of a filling station located on the
north side of the road about one-tenth of a mile south of Asheboro.
At the same time, defendant Hout was operating his Chevrolet truck
in an easterly direction approaching the driveway of the same fill-
ing station.

> Defendant Hout "was operating his Chevrolet truck at a
> fast and dangerous rate of speed and in a careless and reckless
> manner and that he did not have his truck under proper con-

trol. and that he did not keep a proper lookout. That as the said defendant, Aubrey Ignatius Hout, approached the private driveway of the service station in a careless and reckless manner, he proceeded to make a left turn directly into the path of the oncoming automobile which was being driven by the said Nina Smith Harvell and jointly caused a collision between the two motor vehicles and as a result caused the serious injuries to this plaintiff."

'In addition to the negligence of defendant Hout, defendants Harvell were negligent in that, immediately prior to the collision, Mrs. Harvell was not keeping a proper lookout, did not have her automobile under proper control, and was driving recklessly and wantonly in violation of G.S. 20-140 and at an illegal rate of speed. Defendants' joint and concurring negligence proximately caused plaintiff injury, for which she is entitled to recover from them the sum of $20,126.50.

Judge Johnston sustained the demurrer, and plaintiff appeals.

*Ottway Burton for plaintiff appellant.*
*Miller, Beck and O'Briant for defendants Harvell, defendant appellees.*

SHARP, J. Under the circumstances detailed in the complaint, irrespective of her speed or failure to keep a proper lookout, Mrs. Harvell could not have avoided a collision with the Hout vehicle. As to defendant Hout, defendants Harvell, and plaintiff — a passenger in the Hout automobile — the conduct of Mrs. Harvell may not be held to constitute one of the proximate causes of the collision. The conduct of defendant Hout made the collision inevitable, insulated any prior negligence of Mrs. Harvell, and constituted the sole proximate cause of the collision.

The preceding paragraph is a paraphrase of the statement contained in *Loving v. Whitton,* 241 N.C. 273, 276, 84 S.E. 2d 919, 922, which involved an analogous situation. That case, and the cases cited therein, control decision here. In *Loving v. Whitton,* this Court sustained a demurrer *ore tenus* to a complaint containing substantially the same allegations as the one we consider here. The plaintiff in *Loving,* a passenger in Whitton's Cadillac, was injured when it collided in an intersection with an automobile operated by Gibson. Plaintiff alleged that Whitton, traveling on a servient street, failed to stop in obedience to the stop sign and " 'carelessly and negligently drove said Cadillac automobile in front of and into the path of the automobile driven by the defendant Gibson' 'so that there occurred

a collision between the two automobiles.' " *Id.* at 275, 84 S.E. 2d at 921. Plaintiff further alleged that Gibson's negligence was one of the proximate causes of the collision in that he drove his automobile in a careless and reckless manner, failed to keep it under control, failed to maintain a proper lookout, exceeded the speed limit, and failed to warn of his approach to the intersection.

In sustaining Gibson's demurrer, the Court pointed out that there was no allegation that Gibson, in the exercise of due care, could and should have timely observed that Whitton did not intend to stop and yield the right-of-way. In the absence of such circumstances, Gibson had the right to assume that he would obey the law.

Here, there is likewise no allegation of any fact or circumstance sufficient to give Mrs. Harvell timely notice that Hout intended to make a left turn directly in front of her in order to enter a filling station on his left side of the highway. On the contrary, she alleges that he turned without giving "a proper legal signal." Defendants Harvells' demurrer was properly sustained. *Capps v. Smith,* 263 N.C. 120, 139 S.E. 2d 19; *Loving v. Whitton, supra; Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331; *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808. See also *Shives v. Sample,* 238 N.C. 724, 79 S.E. 2d 193. The ruling of the court below was made without prejudice to plaintiff's right to move for leave to amend her complaint. Should she fail to obtain such leave within the time allowed by G.S. 1-131, defendants Harvell will be entitled to a judgment dismissing the action.

Affirmed.