TOMMY NELSON ARANT, BY HIS NEXT FRIEND, W. H. ROOKER v. ERNEST MONROE RANSOM, EVIE LEE SYKES RANSOM AND ALFRED B. ARMSTRONG

No. 6920SC75

(Filed 26 February 1969)

1. Automobiles § 43— sufficiency of pleadings

In an action for personal injuries sustained in an automobile collision, complaint alleging that the driver of the car in which plaintiff was a passenger suddenly turned left to enter a private driveway and was struck by defendant's car traveling in the same direction, and that defendant was traveling at a speed in excess of the posted maximum, was driving while under the influence of intoxicants and failed to give any signal of his intention to pass the vehicle in which plaintiff was riding, *is held* to state a cause of action against defendant and not to disclose that the sole proximate cause of the collision was the negligence of the driver of the vehicle in which plaintiff was riding.

2. Appeal and Error § 46— prejudicial error — burden of proof

Appellant has the burden not only to show error but that the alleged error was prejudicial and amounted to the denial of some substantial right.

**3. Automobiles § 7— violation of traffic regulation — negligence per se**

In the absence of specific provisions in particular statutes which are susceptible to a contrary interpretation, the violation of a motor vehicle traffic regulation constitutes negligence *per se.*

**4. Automobiles § 7— violation of G.S. 20-138 — negligence per se**

It is negligence *per se* to operate a motor vehicle while under the influence of an intoxicant in violation of G.S. 20-138.

**5. Automobiles § 90— instructions — "under the influence" — harmless error**

In an action for personal injuries sustained in an automobile accident, defendant was not prejudiced by error in portion of the charge defining "under the influence" of intoxicants where defendant testified that he had pleaded guilty to a criminal charge of driving under the influence of an intoxicant in violation of G.S. 20-138 on the occasion in question.

APPEAL by defendants Ransom from *Copeland, S.J.,* at the September 1968 Special Civil Session of UNION Superior Court.

In his complaint, plaintiff alleged that at about 6:15 p.m. on 25 December 1966 he was riding as a passenger in the back seat of an automobile operated by defendant Armstrong on Rural Paved Road 1120 in a residential section one-half mile north of the town of Bladenboro, in Bladen County; that defendant Armstrong carelessly and negligently turned to the left in order to enter a private driveway on the left side of R.P.R. 1120; that while the car in which plaintiff was riding was making a left turn into said private driveway, it was violently struck by an automobile owned by defendant Evie Ransom and operated by defendant Ernest Ransom. Among other allegations of negligence, plaintiff charged that defendant Ernest Ransom was driving approximately 55 mph in a 35 mph speed zone, was driving while under the influence of an intoxicant, failed to use due care in passing another automobile traveling in the same direction, and failed to give timely and adequate signal of his intention to pass the Armstrong automobile.

At trial plaintiff introduced evidence in support of his allegations and appropriate issues were submitted to the jury who answered the issues in favor of plaintiff and defendant Armstrong and against defendants Ransom. From judgment entered on the verdict against them, defendants Ransom appealed.

*Koy E. Dawkins for plaintiff appellee.*

*Carpenter, Webb & Golding by John C. Golding and Michael K. Gordon for defendant appellee Armstrong.*

*Smith, Griffin, Smith & Clark by C. Frank Griffin for defendant appellants Ransom.*

BRITT, J.

[1] Defendants Ransom filed in this Court a demurrer *ore tenus* to the complaint, contending that the complaint alleges no facts showing actionable negligence on the part of defendants Ransom but affirmatively discloses that the sole proximate cause of the collision was the negligence of defendant Armstrong.

In support of their demurrer, defendants Ransom cite *Hout v. Harvell,* 270 N.C. 274, 154 S.E. 2d 41. We think *Hout* is clearly distinguishable from the case before us. In *Hout,* the car in which plaintiff was riding as a passenger was traveling in the opposite direction from the car with which it collided; plaintiff alleged that the driver of the car in which he was riding suddenly turned to the left in front of the other car but that the operator of the oncoming car was negligent in failing to keep a proper lookout and maintain proper control and was driving at an excessive rate of speed. The court held that in *Hout* there was no allegation of any fact or circumstance sufficient to give Mrs. Harvell, the operator of the oncoming car, timely notice that the driver of the car in which plaintiff was riding intended to make a left turn directly in front of her in order to enter a filling station on his left side of the highway; on the contrary, plaintiff alleged that her driver turned without giving a proper signal. The court held that Harvells' demurrer was properly sustained because under the circumstances detailed in the complaint, irrespective of her speed or failure to keep a proper lookout, Mrs. Harvell could not have avoided a collision with the car in which plaintiff was riding; that the conduct of plaintiff's driver made the collision inevitable, insulated any prior negligence of Mrs. Harvell and constituted the sole proxicate cause of the collision.

In the case before us, the automobiles were traveling in the same direction in a 35 mph speed zone in a residential section near the town of Bladenboro. Although plaintiff alleged that the driver of the car in which he was traveling turned suddenly to the left in order to enter a private driveway on the left side of the road, he alleged, *inter alia,* that defendant Ernest Ransom was traveling at a speed in excess of 35 mph, was driving while under the influence of an intoxicant and failed to give any signal of his intention to pass the vehicle in which plaintiff was riding.

The demurrer interposed in this Court is overruled.

[2-5] Defendants Ransom assign as error a portion of the judge's

charge defining "under the influence" of intoxicants. While the challenged instruction is open to criticism, we are unable to conclude that the appellants were prejudiced thereby. *Garland v. Penegar*, 235 N.C. 517, 70 S.E. 2d 486. It is well established in this jurisdiction that the burden is on the appellant not only to show error, but that the alleged error was prejudicial and amounted to the denial of some substantial right. 1 Strong, N. C. Index 2d, Appeal and Error, § 46, p. 190. In the absence of specific provisions in particular statutes which are susceptible of a contrary interpretation, the violation of a motor vehicle traffic regulation constitutes negligence *per se*. 1 Strong, N. C. Index 2d, Automobiles, § 7, p. 383; *Correll v. Gaskins*, 263 N.C. 212, 139 S.E. 2d 202. One of plaintiff's allegations of negligence against defendants Ransom was that at the time of the collision defendant Ernest Ransom was operating an automobile while under the influence of an intoxicant, in violation of G.S. 20-138. A violation of this statute is negligence *per se*. *Bank v. Lindsey*, 264 N.C. 585, 142 S.E. 2d 357. As a witness called by plaintiff, defendant Ernest Ransom testified that he pleaded guilty in the Bladen County Court to driving under the influence of an intoxicant in violation of G.S. 20-138 on the occasion in question. In view of this admission of violating the statute, the challenged portion of the charge was not prejudicial to the defendants Ransom, and the assignment of error relating thereto is overruled.

We have considered the other assignments of error brought forward and argued in appellants' brief, but finding them without merit, they are overruled.

No error.

MALLARD, C.J., and PARKER, J., concur.