THE WICKES CORPORATION v. GLENN I. HODGE AND IDA N. HODGE

No. 7010SC114

(Filed 1 April 1970)

**1. Rules of Civil Procedure § 85— effective date — pending litigation**

The new Rules of Civil Procedure became effective on 1 January 1970 and apply to actions and proceedings pending on that date. Ch. 803, Session Laws of 1969.

**2. Pleadings § 25; Rules of Civil Procedure § 18— denial of demurrer for misjoinder of causes under former statute — complaint complies with new Rules — harmless error**

In this action on nine separate promissory notes allegedly executed and delivered by defendants to plaintiff for value on seven different dates, defendants were not prejudiced by error, if any, in the denial of their demurrer interposed on the ground that the complaint did not comply with [former] G.S. 1-123 in that it improperly united several causes of action in contract without stating them separately, where the complaint complies with the new Rules of Civil Procedure, G.S. 1A-1, Rule 18(a), since the action was pending on 1 January 1970 and would be dealt with under the new rules if remanded to the superior court.

**3. Corporations § 1— proof of corporate existence — notes naming plaintiff as corporation**

In this action on nine promissory notes wherein defendants denied the corporate existence of plaintiff, copies of the notes introduced in evidence in which plaintiff payee was named as a corporation provided sufficient evidence to support a finding that plaintiff was a corporation.

APPEAL by defendants from *Bailey, J.,* 20 October 1969 Regular Civil Session of WAKE Superior Court; also order overruling demurrers entered by Canaday, J., on 13 November 1968.

Alleging itself to be a Michigan corporation, plaintiff sued defendants on nine separate promissory notes aggregating $12,524.92 allegedly executed and delivered by defendants to plaintiff for value on seven different dates. Defendants demurred on the ground that the complaint improperly united several causes of action in contract without stating them separately. Order overruling the demurrers was entered by Canaday, J., on 13 November 1968.

Defendants answered, admitting the execution and delivery of the notes for value but denying on information and belief the corporate existence of plaintiff and whether plaintiff remained the owner and holder of the notes. Jury trial was waived and the parties stipulated evidence establishing all the allegations of the complaint except the corporate existence of plaintiff.

Judgment was rendered in favor of plaintiff for the amount prayed and defendants appealed from the judgment.

*Holleman & Savage by Carl P. Holleman for plaintiff appellee.*
*John V. Hunter, III, for defendant appellants.*

BRITT, J.

**[2]** First, defendants contend that the superior court erred in overruling their demurrers interposed because of improper joinder of causes of action; that although plaintiff sued on nine separate promissory notes, executed and delivered on seven separate dates, it did not state its several causes of action separately in the complaint.

Paragraph III of the complaint is as follows:

"III. That on October 5, 1966, for value received the defendants executed and delivered to the plaintiff a promissory note bearing said date, in the sum of $603.89, payable on demand, with interest from October 5, 1966, at the rate of 6% per annum. A copy of said note is attached hereto as 'Exhibit A' and asked to be taken as a part of this complaint."

In the succeeding eight paragraphs, plaintiff similarly pleads the other eight notes. In paragraph XII, plaintiff alleges that it remains the owner and holder of all of said notes, that it has made demand on defendants for payment but no payment has been made, and then proceeds to allege the amount due plaintiff on each note.

Defendants argue that the complaint did not comply with G.S. 1-123. Conceding, *arguendo,* the correctness of defendants' argument and that the court erred in overruling the demurrers, we do not think the error was prejudicial to defendants who have the burden not only to show error but that the alleged error is prejudicial. *Arant v. Ransom,* 4 N.C. App. 89, 165 S.E. 2d 671.

**[1]** The 1967 General Assembly, by Chapter 954 of the 1967 Session Laws, enacted a new code of civil procedure; section 10 of the act provides that it shall be in full force and effect on and after 1 July 1969 "and shall apply to actions and proceedings pending on that date as well as to actions and proceedings commenced on and after that date." The 1969 General Assembly, by Chapter 803 of the 1969 Session Laws, postponed the effective date of the act to 1 January 1970; section 1 of said Chapter 803 provides as follows:

"Section 10 of Chapter 954 of the Session Laws of 1967 is rewritten to read as follows:

'Sec. 10. This Act shall be in full force and effect on and after January 1, 1970, and shall apply to actions and proceedings

**[2]** G.S. 1-123 was specifically repealed by Chapter 954 of the 1967 Session Laws and from and after 1 January 1970 the proposition under discussion is covered by G.S. 1A-1, Rule 18(a). Plaintiff's complaint clearly would comply with the new rule. The order overruling the demurrers was entered 13 November 1968 and this action was tried in October 1969 at which times the new rules were not applicable; however, the action was *pending* on 1 January 1970, became subject to the new rules on that date, and if remanded to the superior court would be dealt with under the new rules. For that reason, we cannot perceive that defendants have been prejudiced.

**[3]** In their brief defendants contend that the trial court erred in overruling defendants' motion for nonsuit for that in their answer defendants denied the corporate existence of plaintiff and the court improperly admitted in evidence, over defendants' objection, a certificate of the Secretary of State of North Carolina with respect to plaintiff's corporate existence. However, defendants' counsel in his oral argument to this Court conceded that there is no merit in this contention in the light of the opinion of our Supreme Court in *Elevator Co. v. Hotel Co.*, 172 N.C. 319, 90 S.E. 253, cited in plaintiff's brief wherein it was held that where a written contract entered into between the parties furnishes evidence that the defendant was dealing with the plaintiff as a corporation, and the plaintiff's existence as a corporation is denied, the contract may properly be introduced upon this disputed fact. In the instant case, defendants admitted execution of the notes upon which suit was brought, which notes named Wickes Corporation as payee; at trial, pursuant to stipulation, photographed copies of the notes in lieu of the originals were introduced in evidence by plaintiff. Without passing upon the admissibility of the Secretary of State's certificate, we hold that the notes, or copies thereof, provided sufficient evidence to support the court's finding that plaintiff is a corporation.

The judgment of the superior court is

Affirmed.

BROCK and GRAHAM, JJ., concur.