MRS. FRANCES MARSH CHILDS, ADMINISTRATRIX OF THE ESTATE OF GARY MOTZ CHILDS, DECEASED v. MRS. RUTH CROWELL DOWDY AND CHARLOTTE CITY COACH LINES, INC.

No. 7226SC313

(Filed 24 May 1972)

1. **Automobiles § 92; Carriers § 19— death of bus passenger — failure of automobile to yield right-of-way — negligence of bus driver**

   In an action to recover for the wrongful death of a bus passenger in an intersecton collision between the bus and an automobile, the evidence will not support a finding of actionable negligence on the part of the bus driver based on allegations with respect to speed, failure to keep a proper lookout or failure to keep the bus under proper control, where it tends to show that the collision occurred when the driver of the automobile, traveling on the servient street, failed to stop and yield the right-of-way to the bus, which entered the intersection on the dominant street, and there is no evidence to support an inference that the bus driver could or should have observed, in time to avoid the collision, circumstances putting him on notice that the driver of the automobile could not or would not stop and yield the right-of-way.

2. **Carriers § 19— common carrier — duties to passenger**

   While a motor vehicle carrier for compensation is not an insurer of the safety of its passengers, it does owe them the duty of exercising the highest degree of care for their safety compatible with the practical operation of its motor vehicle, including the responsibility of seeing that passengers are not exposed to unusual risks of their safety.

3. **Carriers § 19— operation of carrier with door open — negligence**

   Operation of a carrier with a door open while a passenger is standing in close proximity thereto is evidence of negligence.

4. **Carriers § 19— death of bus passenger — intersection collision — operation of bus with door open — negligence — proximate cause**

   In an action to recover for the wrongful death of a bus passenger in a collision which occurred when the driver of an automobile failed to yield the right-of-way to the bus at an intersection, the evidence is sufficient to support a finding that negligence of the bus driver in operating the bus with the door open was a proximate cause of the decedent's death, where it tended to show that at the request of the driver decedent stood at the open door and occasionally leaned out to check a panel on the housing of the rear-end motor which had become unfastened, and that decedent was propelled by the collision through the open door and onto the street.

5. **Negligence § 9— proximate cause — foreseeability**

   To be actionable it is not necessary that injury in the precise form in which it occurs should be foreseen from an act of negligence, it only being necessary that in the exercise of reasonable care, consequences of a generally injurious nature might be expected.

6. **Automobiles § 94; Carriers § 19— automobile-bus collision — death of bus passenger — contributory negligence — instructions**

In an action to recover for the wrongful death of a bus passenger which resulted from an intersection collision between the bus and an automobile, the trial court committed prejudicial error in charging the jury that in order to answer the issue of contributory negligence in the affirmative, it must find that negligence by plaintiff's intestate was a proximate cause of the *collision* and resulting death, where there was no contention or evidence that conduct of plaintiff's intestate contributed to the collision, but the question was whether plaintiff's intestate was negligent in assuming a position at or near the open door of the bus, and if so, whether such negligence was a proximate cause of the injuries causing his death.

APPEAL by defendants from *Blount, Special Superior Court Judge,* 1 November 1971 Civil Session of Superior Court held in MECKLENBURG County.

Action for wrongful death of plaintiff's intestate, Gary Motz Childs.

On 2 June 1970, Gary Childs was a 14-year-old student in the eighth grade at Alexander Graham High School in Charlotte. After school on that date, he boarded a bus owned and operated by defendant Charlotte City Coach Lines, Inc. (Coach Lines), a common carrier. The bus was being operated in a northerly direction on Roswell Avenue in Charlotte. When it entered the intersection of Roswell Avenue and Queens Road West, a car being operated by defendant Dowdy in an easterly direction along Queens Road West entered the intersection and struck the bus on the left side near the front. At that moment Gary fell, or was propelled by the collision, through the open door on the right side of the bus onto the street, sustaining injuries resulting in his death.

At the time of the collision there was a stop sign, and also a flashing red light, facing traffic moving into the intersection in an easterly direction along Queens Road West. There was a flashing yellow light facing traffic moving along Roswell Avenue. Mrs. Dowdy stated to an investigating officer that she was not sure whether she stopped before entering the intersection but that she traveled the street often and had always stopped before. Testimony from passengers on the bus tended to indicate that Mrs. Dowdy's car was moving when it reached the stop line at the intersection and that it did not slow down from that point until it struck the bus.

The jury found both defendants guilty of negligence, answered the issue of contributory negligence "No," and awarded damages. Both defendants appealed.

*James O. Cobb for plaintiff appellee.*

*Carpenter, Golding, Crews & Meekings by John G. Golding for defendant appellant Mrs. Ruth Crowell Dowdy.*

*Mraz, Aycock & Casstevens by John A. Mraz for defendant appellant Charlotte City Coach Lines, Inc.*

GRAHAM, Judge.

Defendant Coach Lines assigns as error the overruling of its motion for a directed verdict on the issue of its negligence.

In an amendment to her complaint, plaintiff alleged that Coach Lines was negligent in that its driver failed to keep a proper lookout, failed to keep the bus under proper control, and operated the bus at a speed greater than was reasonable and prudent under existing conditions. In our opinion the evidence will not support a finding of actionable negligence based upon these allegations.

[1] The Coach Lines bus was being operated on the dominant street and defendant Dowdy was entering the intersection from a servient street. There was no evidence as to the speed of the Dowdy car or the manner in which it was being operated as it approached the intersection. Consequently, no inference can be drawn that the bus driver could or should have observed, in time to avoid the collision, circumstances putting him on notice that defendant Dowdy could not or would not stop and yield the right-of-way. Therefore, the conduct of Mrs. Dowdy in failing to stop or yield the right-of-way made the collision inevitable and insulated any negligence of the bus driver with respect to speed, failure to keep a proper lookout or failure to keep the bus under proper control. *Loving v. Whitton,* 241 N.C. 273, 84 S.E. 2d 919. See also *Hout v. Harvell,* 270 N.C. 274, 154 S.E. 2d 41; *Dolan v. Simpson,* 269 N.C. 438, 152 S.E. 2d 523; *Moore v. Hales,* 266 N.C. 482, 146 S.E. 2d 385; *Marshburn v. Patterson,* 241 N.C. 441, 85 S.E. 2d 683.

However, plaintiff also alleged other acts of negligence. In the original complaint she alleged that the Coach Lines was negligent in that its driver operated the bus with the front

door open; and further, that the driver requested Gary Childs to stand in the open doorway and look out from time to time to see if a panel on the right side of the bus was remaining fastened.

The bus driver admitted that the door was open when he drove the bus into the intersection, but he denied that he asked Gary to stand in the doorway and look out. Evidence as to where Gary was actually standing at the time of the collision was conflicting, but there was plenary evidence to support a finding that he was standing so near the open door that the impact of the collision caused him to be thrown through the door and onto the pavement. In addition, when considered in the light most favorable to plaintiff, the evidence would support the following findings:

On the date of the accident a metal panel which was a part of a housing over the rear-end motor of the bus had become unfastened. The driver asked Gary Childs to check the panel before the bus left Alexander Graham school. The bus proceeded to Myers Park High School where additional students boarded as passengers. At this stop the bus driver again asked Gary to check the panel. From Myers Park High School until the collision, the bus was operated with the door open. Gary stood at the door and at the request of the driver occasionally leaned out to check the panel. One witness stated that at the time of the collision, "Gary was leaning up against the door holding it open. I could actually see him leaning against the door from where I was."

[2, 3] Coach Lines concedes that it may have been negligent in operating the bus with the door open. Under the evidence presented, we think the jury was justified in so finding. While a motor vehicle carrier for compensation is not an insurer of the safety of its passengers, it does owe them the duty of exercising the highest degree of care for their safety compatible with the practical operation of its motor vehicles. *Jenkins v. Coach Co.*, 231 N.C. 208, 56 S.E. 2d 571; *Humphries v. Coach Co.*, 228 N.C. 399, 45 S.E. 2d 546; *White v. Chappell*, 219 N.C. 652, 14 S.E. 2d 843. This duty includes the responsibility of seeing to it that passengers are not exposed to unusual risks to their safety. Operating a carrier with a door open while a passenger is standing in close proximity thereto is evidence of negligence. 13 C.J.S., Carriers, § 744(b).

Childs v. Dowdy

[4]   Coach Lines argues that even if it were negligent in operating the bus with the door open, the evidence will not permit a finding that this negligence was a proximate cause of Gary's death. We disagree. While having the door open had nothing to do with the collision, the evidence permits an inference that Gary's death would not have occurred if he had not been exposed to the open door, or if defendant Dowdy had not operated her automobile into the intersection without stopping or yielding the right-of-way. Both of these events could be found to have concurred to produce the tragic result.

[5]   To be actionable it is not necessary that injury in the precise form in which it occurs should be foreseen from an act of negligence. It is only necessary that in the exercise of reasonable care, consequences of a generally injurious nature might be expected. 6 Strong, N.C. Index 2d, Negligence, § 9, p. 23. The question here is not whether the bus driver, in the exercise of reasonable care, should have foreseen that a motorist was likely to enter the intersection from a servient street, collide with the bus, and thereby cause Gary to fall or be thrown through the open door. The question is whether the driver should have expected consequences of a generally injurious nature to result from operating the bus with the door open, while permitting (or perhaps even instructing) the youthful passenger to stand near or in the opening. We have no difficulty in answering this latter question in the affirmative.

We are of the opinion, and so hold, that Coach Lines' motion for a directed verdict was properly overruled.

[6]   Both defendants assign as error the court's charge on the issue of contributory negligence. This assignment of error is sustained.

The court charged that for the jury to answer the issue of contributory negligence in the affirmative, it must find that plaintiff's intestate was negligent and that his negligence was a proximate cause of the *collision* and resulting death.

There are instances where the position of a passenger in or about a motor vehicle contributes to a collision. See *Kuykendall v. Coach Line,* 196 N.C. 423, 145 S.E. 770. However, in this case there was no contention by either defendant that the conduct of plaintiff's intestate in any way contributed to the collision; nor was there evidence to this effect. The question

was whether plaintiff's intestate was negligent in assuming a position at or near the open door of the bus, and if so, whether this negligence was a proximate cause of the injuries causing his death.

It is unfortunate that there must be a new trial in this long and complicated case that was ably tried by the court and counsel for both parties. However, it is our opinion that under the charge given, the jury could have believed that it was their duty to answer the issue of contributory negligence "No" unless they found that the conduct of plaintiff's intestate actually contributed to the collision. For this reason, we must hold that a new trial is necessary.

We deem it unnecessary to discuss defendant's other assignments of error since they may not recur at the next trial.

New trial.

Judges CAMPBELL and BRITT concur.