THOMAS MICHAEL TAYLOR AND FRED EUGENE TAYLOR v. CHARLES THOMAS HUDSON ALSO KNOWN AS CHARLES BATTLE

No. 807SC313

(Filed 21 October 1980)

**Automobiles §§ 58.1, 80– turning vehicle –.negligence – contributory negligence**
    In an action to recover for damages sustained by plaintiff in a collision between plaintiff's motorcycle and defendant's car, plaintiff's evidence was sufficient for the jury on the issue of defendant's negligence and did not disclose that plaintiff was contributorily negligent as a matter of law where it tended to show that plaintiff observed defendant's approaching car when it was 200 feet away; plaintiff observed defendant change lanes and, without giving a signal, make a left turn in front of plaintiff when he was only eight feet away; plaintiff was traveling 25 mph in a 35 mph zone; and plaintiff attempted to avoid the collision by going to his left toward the rear of defendant's car instead of applying his brakes because he did not feel he had time to stop.

APPEAL by plaintiff from *Peel, Judge.* Judgment entered 20 September 1979 in Superior Court, NASH County. Heard in the Court of Appeals 7 October 1980.

Plaintiff's evidence tended to show that he was driving a motorcycle south on Dominick Drive in Rocky Mount at about 25 miles per hour and met a car driven by defendant. Defendant made a left turn in front of plaintiff without any indication he

was going to make a turn. Plaintiff attempted to avoid colliding with defendant by going to his left towards the rear of the defendant's car. Plaintiff's motorcycle struck the right rear bumper of defendant's car and plaintiff was thrown over the car. He landed on the pavement, sustaining injury.

The court granted defendant's motion for a directed verdict and entered a judgment dismissing plaintiff's action with prejudice. Plaintiff appealed.

*Michael J. Anderson, for the plaintiff-appellant.*

*Valentine, Adams & Lamar, by L. Wardlaw Lamar, for the defendant-appellee.*

MARTIN (Robert M.), Judge.

Plaintiff argues the trial court erred granting defendant's motion for a directed verdict. Defendant contends plaintiff's own evidence established plaintiff was contributorily negligent as a matter of law as plaintiff did not keep a proper lookout, did not reduce his speed, did not make reasonable efforts to avoid the collision, and did not keep his vehicle under control. We agree with plaintiff.

In North Carolina the standards governing a judge's consideration of a directed verdict are clear. *Clark v. Bodycombe,* 289 N.C. 246, 221 S.E. 2d 506 (1976) holds:

> When a defendant moves for a directed verdict pursuant to Rule 50(a), the trial judge must take plaintiff's evidence to be true, consider all the evidence in the light most favorable to plaintiff and give him the benefit of every reasonable inference which may be legitimately drawn therefrom.

*Id.* at 250, 221 S.E. 2d at 509.

> With respect to contributory negligence as a matter of law, "[t]he general rule is that a directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must

be resolved by the jury rather than the trial judge." (Citations omitted.)

*Rappaport v. Days Inn*, 296 N.C. 382, 384, 250 S.E. 2d 245, 247 (1979).

The rule with respect to what the operator of the oncoming vehicle may assume when travelling in his correct lane of travel is stated in *Jenkins v. Coach Co.*, 231 N.C. 208, 56 S.E. 2d 571 (1949), as follows:

> A motorist, who is proceeding on his right side of the highway, is not required to anticipate that an automobile, which is coming from the opposite direction on its own side of the road, will suddenly leave its side of the road and turn into his path. He has the right to assume under such circumstances that the approaching automobile will remain on its own side of the road until the vehicles meet and pass in safety. (Citations omitted.)

*Id.* at 211, 56 S.E. 2d at 573.

The rule with respect to what the operator of the turning vehicle may assume in making a left turn is stated in *Cooley v. Baker*, 231 N.C. 533, 58 S.E. 2d 115 (1950), as follows:

> In considering whether he can turn with safety and whether he should give a statutory signal of his purpose, the driver of a motor vehicle, who undertakes to make a left turn in front of an approaching motorist, has the right to take it for granted in the absence of notice to the contrary that the oncoming motorist will maintain a proper lookout, drive at a lawful speed, and otherwise exercise due care to avoid collision with the turning vehicle. (Citations omitted.)

*Id.* at 536, 58 S.E. 2d at 117.

The rule with respect to the duty of the operator of the turning vehicle is set forth in *Clarke v. Holman*, 274 N.C. 425, 163 S.E. 2d 783 (1968), as follows:

> This safety statute [G.S. 20-154] requires a motorist intending to turn from a direct line (1) to see that the movement can be made in safety, and (2) to give the required signal *when the operation of any other vehicle may be*

*affected.* (Emphasis in original.) (Citations omitted.) The first requirement does not mean that a motorist may not make a left turn unless the circumstances are absolutely free from danger. It means that a motorist must exercise reasonable care under existing conditions to ascertain that such movement can be made with safety. (Citations omitted.)

*Id.* at 429, 430, 163 S.E. 2d at 786.

Plaintiff's evidence shows that he first observed defendant's car when he came into Dominick Drive 200 feet to the north. He saw defendant change lanes and, without giving a signal, turn in front of him when he was eight feet away. These facts show plaintiff was observing defendant's car and had a right to assume the approaching car would remain on its own side of the road and would not suddenly leave its side and turn into his path. *Jenkins v. Coach Co., supra.*

Plaintiff was travelling 25 miles per hour. The speed limit according to Officer Larry Mitchell was 35 miles per hour. Even if plaintiff had been travelling at a speed greater than was reasonable under the circumstances, his speed would not have been a proximate cause of the accident. *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331 (1954).

The evidence tends to show that instead of applying his brakes, plaintiff attempted to turn his motorcycle by leaning it to his left to avoid the collision. He testified that he attempted this evasive action rather than applying the brakes because he did not feel he had time to stop. Assuming that applying the brakes was an option, the doctrine of sudden emergency would require that the issue of contributory negligence be submitted to the jury. *Black v. Wilkinson,* 269 N.C. 689, 153 S.E. 2d 333 (1967); *see Day v. Davis,* 268 N.C. 643, 151 S.E. 2d 556 (1966).

The evidence does not support a directed verdict against the plaintiff.

Reversed.

Judges HEDRICK and MARTIN (Harry C.) concur.