DOROTHY S. LOOMIS, ADMINISTRATOR OF THE ESTATE OF CECIL LeROY LOOMIS v. JOE ELMER TORRENCE.

(Filed 1 May 1963.)

**Automobiles § 38—**

The fact that defendant changes his testimony so as to aver that he first saw intestate's vehicle when it was 85 feet away instead of 150 feet

away does not render defendant's testimony as to the speed of the vehicle incompetent for want of opportunity by defendant to judge its speed when defendant further testifies that he saw the car again when 50 feet away, and as it passed through and beyond the intersection, and that it continued on through the intersection at about the same speed.

APPEAL by defendant from *Phillips, J.,* December, 1962 Term ROWAN Superior Court.

Civil action by the personal representative to recover for the wrongful death of her intestate, Cecil LeRoy Loomis. Issues of negligence, contributory negligence, and damages were raised by the pleadings. The jury answered all issues in favor of the plaintiff. The defendant appealed, assigning errors.

*Kluttz & Hamlin, by Lewis P. Hamlin, Jr., for plaintiff appellee.*
*Kesler and Seay, by Thomas W. Seay, Jr., for defendant appellant.*

HIGGINS, J.   The evidence material to decision disclosed the following: The plaintiff's intestate was killed at a street intersection in Salisbury at 9:30 a.m. on June 30, 1961. He was driving a Ford North on Lee Street. The defendant was driving a Pontiac East on Henderson Street. Both streets were paved. Each was 24 feet wide. A stopsign required east-bound traffic on Henderson to yield to north-bound traffic on Lee.

The plaintiff contended the defendant was negligent in entering the intersection in disobedience to the stopsign. The defendant contended he stopped at the sign, did not see any vehicle approaching on Lee, then slowly moved up even with the curbline, or not more than a foot beyond, on Lee, again stopped, and for the first time saw the Ford approaching at a distance of 85 to 150 feet. He glanced to his left, then back to his right, and the Loomis Ford was 50 feet away. After passing a parked pickup truck, Loomis cut sharply, "in such a manner that the car tilted up on two wheels and throwed the back end around and hit the right front end of my car . . . he went diagonally back across the street at still the same speed he was going . . . the back end switched around again and struck . . . Mr. Guffey's Packard. . . .(90 feet beyond the intersection) . . . I have an opinion satisfactory to myself as to the speed of the Loomis car and that is that he was running 50 or 60 miles per hour."

The court charged the jury:

"Now, Gentlemen of the Jury, over objection of the plaintiff when the defendant testified first that he observed the plaintiff's intestate's car 150 feet away and saw the speed of it then, observed

how it was driven, and then saw it again when it was 50 feet away, the Court permitted him to give an opinion satisfactory to himself as to the rate of speed that the plaintiff's intestate's automobile was travelling at the time of the collision. Now, since the defendant has further amended his testimony and said that he didn't see it 150 feet away but the first time that he saw it it was 85 feet away and then again at 50 feet away, the Court is striking out his opinion as to the speed and telling you not to consider it because our law says a man must have sufficient time and distance to observe the speed of an automobile before his opinion would be competent to give an estimate of the speed of a car, and so the Court is striking his estimate of the speed or his opinion of the speed of 50 to 60 miles an hour, is striking that out and telling you not to consider that."

If we accept the court's view that defendant amended his statement, and that Loomis was only 85 rather than 150 feet away, nevertheless he saw the Ford again when it was 50 feet from the intersection and observed it afterwards through the intersection and for 90 feet beyond, and until it collided with Guffey's Packard. The witness stated that it continued at "the same speed." We cannot say the defendant disqualified himself by showing lack of opportunity to estimate speed. The evidence afforded the defendant sufficient opportunity to form an estimate as to the speed of the Ford. The inconsistencies in his estimates bear on the weight of his testimony rather than on its competency.

*Key v. Woodlief*, 258 N.C. 291, 128 S.E. 2d 567; *Fleming v. Twiggs*, 244 N.C. 666, 94 S.E. 2d 821; and *State v. Becker*, 241 N.C. 321, 85 S.E. 2d 327, are readily distinguishable.

This case was especially well tried. We regret the necessity of sending it back, but the error in excluding defendant's testimony of speed entitles him to a

New trial.