MARTHA HUGHES PETREE, PLAINTIFF, v. ALEXANDER JOHNSON, ORIGINAL DEFENDANT ADV. DONALD GRAY PETREE, ADDITIONAL DEFENDANT

No. 6818SC265

(Filed 18 September 1968)

1. **Automobiles § 58— action for negligent operation — turning across opposite lane — nonsuit**

   In plaintiff's action for damages arising out of an automobile accident, defendant's counterclaim for property damage is properly nonsuited on the ground he failed to see that a turning movement could be made in safety when his own evidence discloses that he saw plaintiff's car approaching him from a distance of 310 feet away, that he stopped his vehicle, gave a signal, thought "he had plenty of time to make it," and made a left turn into his driveway across the plaintiff's lane of travel, and that a collision resulted between the two vehicles. G.S. 20-154(a).

2. **Automobiles § 9— rules of the road — turning movement**

   While G.S. 20-154(a) does not mean that a motorist may not make a left turn on a highway unless the circumstances be absolutely free from danger, the motorist is required to exercise reasonable care in determining that his intended movement can be made in safety.

3. **Automobiles § 58— action for negligent operation — turning across opposite lane — nonsuit**

   There is sufficient evidence to be submitted to the jury of defendant's negligence in failing to see that he could safely make a left turn across the highway to enter his driveway in the path of plaintiff's approaching automobile, where the evidence tends to show that (1) plaintiff was traveling in a northerly direction in her lane of travel at a speed of 45 to 50 m.p.h. in a 55 m.p.h. zone, (2) when plaintiff was 70 feet away the

defendant, who was traveling in a southerly direction, suddenly and without signal, turned across her lane of travel, and (3) she immediately applied her brakes, skidded some 50 feet and that the right rear of her vehicle collided with the right rear of defendant's vehicle while the latter was still partially on the paved portion of the highway.

**4. Automobiles § 17— rules of the road — passing vehicle traveling in opposite direction**

A motorist has the right to assume, and to act on the assumption, that the driver of a vehicle approaching from the opposite direction will comply with statutory requirements before making a left turn across his path.

**5. Automobiles § 46— actions for negligence — opinion evidence**

Although it would have been permissible for the defendant to testify that "if plaintiff had stayed on the highway, there wasn't a thing in the world in her way, not a thing," its exclusion is not prejudicial where it appears that the testimony was merely cumulative of other testimony offered by defendant and would not have altered the verdict.

APPEAL by original defendant from *Crissman, J.,* 25 March 1968 Civil Session GUILFORD Superior Court, High Point Division.

This action results from an automobile collision which occurred on 25 December 1965 on Flint Hill Road near Archdale in Randolph County. Flint Hill Road is a two-lane highway running generally north and south. The two lanes are separated by a double yellow line with a broken white line between the yellow lines. The posted speed limit where the collision occurred is 55 miles per hour. Plaintiff, Martha Hughes Petree, was driving a 1965 Mustang, owned by additional defendant Donald Gray Petree and stipulated to be a family purpose car. She was proceeding in a northerly direction in her right lane of traffic at a speed of 45 to 50 miles per hour. The original defendant was operating a 1964 Chevrolet truck in a southerly direction meeting plaintiff. The accident occurred at approximately 5:00 in the afternoon. It was still daylight. Each driver saw the vehicle of the other before the collision occurred. The original defendant Johnson made a left turn into his driveway and was struck by plaintiff. The right rear of plaintiff's car collided with the right rear of original defendant's truck and, after this collision, struck a 1954 Ford then being operated in a southerly direction on Flint Hill Road by original defendant's son. Plaintiff instituted this action against Johnson seeking to recover for personal injuries and alleging that the collision was caused solely by Johnson's negligence in that, among other things, he turned from a direct line without first seeing that the movement could be made in safety, thereby violating the provisions of G.S. 20-154(a); he failed to give a signal of his intention to make a left turn; failed to keep, exercise and maintain a care-

ful, proper and effective lookout for other vehicles upon and along the highway; and failed to keep his 1964 Chevrolet pickup truck under careful and proper control.

The original defendant answered, denied negligence on his part, pled the negligence of plaintiff as the proximate cause of the collision, asserted a counterclaim for property damage, and cross claimed against Donald Petree, husband of plaintiff. The negligence of plaintiff as alleged by original defendant consisted in excessive speed under the circumstances, failure to keep, exercise and maintain a proper lookout, and failure to keep her car under proper control.

The additional defendant answered, denying negligence on the part of plaintiff and counterclaiming against original defendant for his own property damage.

At the close of all the evidence, the trial court allowed the motions of plaintiff and additional defendant for nonsuit of original defendant's counterclaim and denied original defendant's motion for nonsuit.

The jury returned its verdict in favor of plaintiff and additional defendant. From judgment entered thereon, original defendant appealed.

*Armistead W. Sapp, Jr. for original defendant appellant.*

*Smith, Moore, Smith, Schell and Hunter and Haworth, Riggs, Kuhn and Haworth by John Haworth for plaintiff and additional defendant appellees.*

MORRIS, J.

[1]   Original defendant's first assignment of error challenges the trial court's granting the motions for involuntary nonsuit of his counterclaim.

Original defendant testified that he saw the plaintiff's car when it was 310 feet away, by measurements made by him; that there was nothing to prevent his seeing her car; that he saw her and then stopped (on cross-examination) or saw her "just about the time I come to a stop" (on redirect examination); that he put on his signal lights and made a "square turn" into his driveway and was hit by plaintiff. He testified that he did not know how fast plaintiff was driving. The plaintiff's evidence was that she saw Johnson when she was about 70 feet away; that she was driving 45 to 50 miles per hour; immediately applied her brakes, but could not avoid the collision. Original defendant testified his truck was completely off the high-

way at the time of the collision. Plaintiff testified a portion was still on the highway. In either event, it appears that from his own evidence original defendant saw the plaintiff approaching in her proper lane of traffic, that he signaled, stopped and then made his left turn in front of the approaching vehicle the speed of which he did not know. Though he may have thought, as he testified, that "he had plenty of time to make it", the conclusion is inescapable that he misjudged his timing and failed to recognize that after he saw plaintiff's car and while he was stopping and preparing to make his turn, plaintiff's vehicle continued to approach. He, therefore, failed to see that his intended movement could be made in safety, as he is required to do by G.S. 20-154(a) which provides:

"The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety . . ."

[2]    While it is true that G.S. 20-154(a) does not mean that a motorist may not make a left turn on a highway unless the circumstances be absolutely free from danger, he is required to exercise reasonable care in determining that his intended movement can be made in safety. *Tart v. Register* and *Flowers v. Register,* 257 N.C. 161, 125 S.E. 2d 754.

Original defendant's first assignment of error is overruled.

[3]    Appellant's second assignment of error is to the overruling of his motion for judgment of involuntary nonsuit as to plaintiff's action. He contends that the evidence compels the single conclusion that the sole proximate cause of the collision was the negligent operation of the Petree automobile by plaintiff. We do not agree.

Considering the evidence presented in the light most favorable to plaintiff, as we are bound to do, on motion to nonsuit, *Galloway v. Hartman,* 271 N.C. 372, 156 S.E. 2d 727, it tends to show that plaintiff was traveling at a speed of 45 to 50 miles per hour in a 55 mile-per-hour zone; that she was traveling in a northerly direction in her proper lane of travel; that when she was 70 feet away, the original defendant, suddenly and without signal, turned across her lane of travel; that she immediately applied her brakes, skidded some 50 feet, and the right rear of her vehicle collided with the right rear of original defendant's vehicle while it was partially on the paved portion of the highway.

[4]    Plaintiff had the right to assume, and to act on that assumption, that the driver of a vehicle approaching from the opposite direction would comply with statutory requirements before making a

left turn across her path. *Jernigan v. Jernigan,* 236 N.C. 430, 72 S.E. 2d 912. When she was 70 feet away she realized that he was turning in front of her and applied her brakes.

This case is strikingly similar to *Dolan v. Simpson,* 269 N.C. 438, 152 S.E. 2d 523. There plaintiff was a passenger in the vehicle operated by defendant Simpson, traveling in an easterly direction approaching an intersection. At the same time, defendant McCarley was approaching the intersection traveling in a westerly direction. As the front of the Simpson car entered the intersection, there was a collision between the two cars in the McCarley lane of travel, the McCarley vehicle having hit the right side of the Simpson car. Defendant Simpson's version of the accident was that before she made the left turn she came to a complete stop and looked in front and to the rear. She saw nothing approaching, and, with her signal lights on, made "a curved turn". As she started to turn, she saw the lights of the approaching vehicle for the first time. She stated that she thought the car was far enough away for her to make the turn and the car appeared to be traveling at a higher rate of speed than she had figured. McCarley's version of the accident was that he was traveling at a speed of 45 to 50 miles per hour in the westbound lane, saw the headlights of the Simpson car in a group of approaching headlights, first saw the automobile itself when it started a long sweeping turn in front of him when the two cars were about 75 feet apart. He applied his brakes, blew his horn and pulled to the right getting two wheels off the pavement onto the shoulder. Notwithstanding this, he hit the Simpson vehicle in the right side when the front end of the car was in the intersection and its rear end was in his lane of travel. The Supreme Court affirmed the trial court in sustaining defendant McCarley's motion for nonsuit as to him.

We think the trial judge properly allowed plaintiff to go to the jury. Original defendant's second assignment of error is overruled.

[5]     Appellant's remaining assignment of error is to the exclusion of certain evidence. Counsel for original defendant asked him "If she had stayed on the road, would she have passed safely behind you?" Plaintiff objected and the objection was sustained. If permitted to answer, the witness would have testified "If she had stayed on the highway, there wasn't a thing in the world in her way, not a thing." Conceding that, under the authority of *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269, and cases cited therein, and *Maddox v. Brown,* 233 N.C. 519, 64 S.E. 2d 864, the answer may have been admissible, we do not think its exclusion was prejudicial error. The witness testified, without objection, that he made the turn,

"got plumb in my driveway, three foot", that none of his truck was sticking out in the highway. It appears abundantly clear that had the evidence been admitted, it would have been merely cumulative and would not, in our opinion, have altered the verdict.

In the trial below we find no prejudicial error.

No error.

MALLARD, C.J., and CAMPBELL, J., concur.