RESSIE DeHART v. R/S FINANCIAL CORPORATION

No. 8530DC93

(Filed 3 December 1985)

1. Evidence § 33— testimony not hearsay

Testimony by a witness regarding statements plaintiff's deceased husband made in his presence to a bank representative about a one hundred percent loan to build a house was not inadmissible hearsay where it was not offered to prove the truth of the matters stated but rather to show that the statements were made and to show the witness's active participation in assisting plaintiff and her husband to secure a loan to build a house.

2. Evidence § 11.5— testimony not barred by Dead Man's Statute

Testimony by a witness regarding statements plaintiff's deceased husband made in his presence to a bank representative about a one hundred percent loan to build a house did not violate N.C.G.S. 8C-1, Rule 601(c), the present Dead Man's Statute, since there was no evidence that the witness was a party or a person interested in the event or a person from or through whom plaintiff derives any interest.

3. Evidence § 32.2— base amount of loan—interest rate—parol evidence rule not violated

Where plaintiff claimed that she had been charged a usurious rate of interest on a loan secured by a promissory note and deed of trust, interest was added to the amount of the note in advance, and the note and deed of trust show a face amount due of $9,645.12 payable in 144 equal monthly installments of $66.98 but neither states the base amount of the loan or the interest rate, the parol evidence rule was not violated by testimony that the base amount of the loan was $5,600 at a six percent interest rate and that the actual interest rate of the loan was ten percent.

APPEAL by defendant from Snow, Jr., Judge. Judgment entered 28 August 1985 in District Court, SWAIN County. Heard in the Court of Appeals 30 August 1985.

Ressie DeHart (hereinafter plaintiff) instituted this action by filing a complaint 11 August 1978 alleging that on 24 February 1965 she and her husband, since deceased, procured a loan from Modern Homes Construction Company (hereinafter Modern Homes), the proceeds of said loan intended for the improvement of the DeHart's real property; that in making the loan, Modern Homes required the DeHarts to execute a promissory note and deed of trust; that thereafter, Modern Homes assigned all their right, title and interest in the note and deed of trust to G.A.C. Transworld Acceptance Corp. which in turn assigned the note and

deed of trust to defendant, R/S Financial Corporation, who is now the owner and holder of the note and deed of trust; that plaintiff has paid all monies due under the provisions of the note and deed of trust; that the rate of interest on the loan secured by the note and deed of trust was in excess of the six percent (6%) permitted by G.S. 24-1 as it then existed. Plaintiff sought judgment twice the amount of the alleged usurious interest. Defendant's answer denied the allegations of usury.

The jury awarded plaintiff $1,774.08 which amount the trial court doubled pursuant to G.S. 24-2. Defendant appeals.

*Gerald R. Collins, Jr., for plaintiff appellee.*

*Holt, Haire & Bridgers, P.A., by R. Phillip Haire, for defendant appellant.*

JOHNSON, Judge.

This is the second appeal of this case to this Court. In the first appeal this Court held that the trial court improperly granted defendant's motion for a directed verdict. *DeHart v. R/S Financial Corp.,* 66 N.C. App. 648, 311 S.E. 2d 694 (1984) (hereinafter *DeHart I*).

On retrial of the case plaintiff presented evidence which tended to show the following: In 1965, plaintiff and her late husband Clarence D. DeHart owned land in Bryson City upon which they wanted to build a house. On 24 February 1965, Nathaniel Coleman, the stepson of plaintiff, carried Mr. and Mrs. DeHart to Modern Homes to procure a loan for the construction of the house. Modern Homes agreed not only to loan the DeHarts $5,600.00, which was 100% of the costs of building the house, but also agreed to build the house for them. Plaintiff and her late husband executed a promissory note in the amount of $9,645.12, payable in equal monthly installments of $66.98 for 144 months, the first payment due on 1 December 1965, "with interest on each installment maturity thereof until paid at six percentum (6%) per annum." The DeHarts also executed a deed of trust as security for the loan. The deed of trust required the DeHarts to maintain $5,600 of insurance coverage on the property.

Nathaniel Coleman was allowed to testify, over defendant's objection, to things he personally did and observed while assist-

DeHart v. R/S Financial Corp.

ing the DeHarts to secure a loan of $5,600 to build a house; statements he heard Mr. DeHart make to a third person regarding a loan to build the house; and oral communications between Mr. Coleman and Mr. DeHart.

William A. Harwell, a certified public accountant testified that, based upon amortization tables, six per cent (6%) interest on $5,600.00, the principal amount, would yield a monthly payment of $54.65 over twelve years. Payments of interest and principal would therefore total the sum of $7,871.04 over twelve years. Deducting $5,600.00 principal from that total would yield a total of interest of $2,271.04 over twelve years. In contrast, plaintiff was charged $4,045.12 in interest. Further, based upon the same tables, a ten per cent (10%) interest rate would yield a monthly payment of $66.93, which closely approximates the $66.98 monthly payment charged plaintiff, tending to indicate that plaintiff was charged a ten per cent (10%) rate.

Although plaintiff does not deny signing the promissory note in the amount of $9,645.12, in all of the plaintiff's evidence the only sum of money testified about as being the amount of the loan is $5,600.00.

Defendant presented evidence which tends to show that on 9 February 1965, approximately two weeks before the DeHarts executed the promissory note and deed of trust they executed a sales contract with Modern Homes for the construction of a house on their property for the sum of $9,645.12.

Defendant's first four issues raised on appeal are directed to assignments of error relating to the admission into evidence certain testimony of Nathaniel Coleman, Ressie DeHart and William A. Harwell.

Nathaniel Coleman's testimony can be summarized as relating to: (1) things he personally did and observed while assisting the DeHarts in securing a one hundred percent loan to build the house, (2) statements Clarence DeHart made to a representative of the Bryson City Bank while in Mr. Coleman's presence concerning a one hundred percent loan to build a house, and (3) oral communications between Mr. Coleman and Clarence DeHart regarding Mr. DeHart's efforts to secure a one hundred percent loan to build the house.

[1, 2]   Defendant contends the trial court erred in allowing Mr. Coleman's testimony regarding statements Mr. DeHart made in his presence to a representative of the Bryson City Bank about a one hundred percent loan to build the house; and oral communications between Mr. Coleman and Mr. DeHart about securing a one hundred percent loan. Defendant argues that the testimony was inadmissible hearsay and that its admission violated Rule 601 of the N.C. Rules of Evidence which states in pertinent part that:

> [u]pon the trial of an action, a party or person interested in the event, or a person from, through or under whom such a party or interested person derives his interest . . . shall not be examined as a witness . . ., concerning any oral communication between the witness and the deceased person. . . .

Rule 601, N.C. Rules Evid. We find no merit in defendant's contentions.

"[W]henever the assertions of any person, other than that of the witness himself in his present testimony, is offered to prove the truth of the matter asserted, the evidence so offered is hearsay. If offered for any other purpose, it is not hearsay." *State v. Miller*, 282 N.C. 633, 642, 194 S.E. 2d 353, 359 (1973) (citing Stansbury, N.C. Evidence sec. 138 (2d ed. 1963) ). It does not appear that the challenged testimony was offered to prove the truth of the matters stated, but rather offered solely to show that the statements were made and to show Mr. Coleman's active participation in assisting the DeHarts to secure a one hundred percent loan to build the house. Nor is there any evidence that Mr. Coleman is a party or a person interested in the event, or a person from or through whom plaintiff derives any interest to preclude the testimony under Rule 601, N.C. Rules of Evidence.

Defendant also claims unfair surprise in the admission of this challenged testimony. This claim is without merit since counsel for defendant had a transcript of the first trial of this case and the evidence presented then is substantially the same evidence plaintiff presented at the second trial.

[3]   Defendant argues that Mr. Coleman's and plaintiff's testimony that the DeHarts borrowed a one hundred percent loan of $5,600 at an interest rate of six percent (6%) violates the parol

evidence rule. Defendant also argues that Mr. Harwell's testimony establishing the interest rate of the loan by use of the amortization tables was also in violation of the parol evidence rule.

The general rule is that "in the absence of fraud or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new or different contract from the one evidenced by the writing, is incompetent." *Carroll v. Industries, Inc.*, 296 N.C. 205, 211, 250 S.E. 2d 60, 64 (1978) (citing *Neal v. Marrone*, 239 N.C. 73, 77, 79 S.E. 2d 239, 242 (1953) ). "Promissory notes are not generally subject to the parol evidence rule to the same extent as other contracts. . . . [I]t is rather common for a promissory note to be intended as only a partial integration of the agreement in pursuance of which it was given, and parol evidence as between the original parties may well be admissible so far as it is not inconsistent with the express terms of the note." *Bank v. Gillespie*, 291 N.C. 303, 308, 230 S.E. 2d 375, 378-79 (1976).

The testimony of which defendant complains in the case *sub judice* is in no way at variance with the express terms of the promissory note, deed of trust or sales contract. Each of these documents show a face amount as being $9,645.12, payable in one hundred forty-four (144) equal monthly installments of $66.98. Neither the note nor deed of trust states on its face the specific interest rate charged over the term of the note. Interest was charged in advance, and added to the amount of the note in advance. The note itself only provides for interest in case of default and from maturity of each installment payment. Although the note and sales contract show the amount of $9,645.12, there is nothing on the face of either document nor is there any evidence to support said sum as being the base amount of the loan. It would appear that interest was computed in some manner on a base amount and added to the base amount so as to equal the face amount of the note and sales contract. The challenged testimony does not in any way vary the terms of either of the written documents requiring the DeHarts to pay $9,645.12 in one hundred forty-four (144) equal monthly installments of $66.98. The challenged testimony simply provides evidence that the base loan amount of the $9,645.12 was $5,600 at an interest rate of six percent (6%); that six percent (6%) interest of $5,600 would yield a monthly payment of $54.65 over a twelve year period; that

payments of interest at six percent (6%) plus a base loan amount of $5,600 equal to $7,871.04 over twelve years; that deducting $5,600 from $7,871.04 would yield total interest of $2,271.04 over twelve years; that a ten percent (10%) interest rate over twelve years would yield a monthly payment of $66.93, which is approximately the $66.98 monthly payment defendant charged the DeHarts, tending to indicate that the DeHarts were charged an interest rate of ten percent (10%).

We find no merit in defendant's challenge to the testimony of plaintiff's witnesses. We have also considered and find no merit in defendant's challenge to the court allowing Mr. Harwell to use charts and graphs to illustrate his testimony.

Next, defendant contends the trial judge erred in his jury instruction. We note that defendant, although given the opportunity to do so, failed to take any exception to the jury charge. Therefore, defendant has not preserved any assignment of error to the jury charge for review on appeal. Rule 10(b)(2), N.C. Rules of App. P.; *Durham v. Quincy Mutual Fire Insurance Co.*, 311 N.C. 361, 317 S.E. 2d 372 (1984).

By his final assignment of error defendant contends the court erred in the denial of (1) its motion for a directed verdict at the close of all the evidence, and (2) its motion for judgment notwithstanding the verdict.

A motion for directed verdict is to test the legal sufficiency of the evidence to take the case to the jury. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). In passing on a motion for directed verdict, the trial court must consider the evidence in the light most favorable to the nonmovant, and conflicts in the evidence together with inferences which may be drawn therefrom must be resolved in favor of the nonmovant. *Daughtry v. Turnage*, 295 N.C. 543, 246 S.E. 2d 788 (1978). A verdict may never be directed when there is conflicting evidence on contested issues of fact. *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971).

A motion for judgment notwithstanding the verdict is simply a renewal of the movant's earlier motion for directed verdict. It is a motion for the trial court to enter judgment in accordance with the movant's earlier motion for directed verdict, notwithstanding the contrary verdict actually returned by the jury. *Summey v.*

*Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). The test for determining the sufficiency of the evidence when ruling on a motion for judgment notwithstanding the verdict is the same as that applied when ruling on a motion for directed verdict. *Id.*

Defendant would be entitled to a directed verdict and, thus a judgment notwithstanding the verdict only if the evidence, when considered in the light most favorable to plaintiff, fails to show the existence of all the elements required to establish an action for usury, the only theory raised in the pleadings. *Id.* In *DeHart I, supra,* this Court stated, "[s]ince plaintiff did produce sufficient evidence of all of the constituent elements of usury, the trial court improperly granted the defendant's motion for a directed verdict. *DeHart,* at 651, 311 S.E. 2d at 696.

Plaintiff presented substantially the same evidence at retrial that she presented in *DeHart I, supra,* again presenting sufficient evidence of all the constituent elements of usury. The only additional evidence presented at retrial not presented in *DeHart I* was the sales contract introduced by defendant. The sales contract does not establish as a matter of law that the transactions with the DeHarts constituted a sale as opposed to a loan which was the contested issue of fact. It simply raises a conflict in the evidence on an issue of fact which was for the jury to decide from all of the facts and circumstances of the case. "If the transaction is of doubtful character it should be submitted to the jury for determination." *Bank v. Merrimon,* 260 N.C. 335, 338, 132 S.E. 2d 692, 694 (1963).

We conclude that the trial judge correctly denied defendant's motion for judgment notwithstanding the verdict for the same reasons that he denied the motion for a directed verdict, that being on the grounds that the evidence viewed in the light most favorable to plaintiff was sufficient to sustain the verdict. Accordingly, we find

No error.

Judges EAGLES and PARKER concur.