WALTER R. ALEXANDER v. EUGENE N. ROBERTSON

No. 8626SC80

(Filed 17 June 1986)

1. **Automobiles § 79— intersection accident—failure to keep proper lookout—sufficiency of evidence of contributory negligence**

    In an action to recover for injuries sustained in an automobile accident, evidence of contributory negligence was sufficient to be submitted to the jury where it tended to show that visibility was clear; a police vehicle cleared the intersection approximately three car lengths in front of plaintiff; plaintiff testified that he did not see defendant's vehicle until the time of the collision; this was evidence that plaintiff did not keep a proper lookout; and evidence that plaintiff's vehicle struck defendant's truck on the rear portion of the truck was evidence from which a jury could conclude that, if plaintiff had kept a proper lookout, he could have avoided the collision.

2. **Automobiles § 45.2— plaintiff's earlier conviction for speeding—error in admitting evidence not prejudicial**

    In an action to recover for injuries sustained in an automobile accident, defendant's error in eliciting from plaintiff testimony on cross-examination that he had been convicted of speeding was not prejudicial.

APPEAL by plaintiff from *Downs, Judge.* Judgment entered 6 May 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 June 1986.

The plaintiff brought this action alleging he suffered personal injury and property damage from an automobile accident that occurred on 16 June 1980 at the intersection of Belhaven Boulevard and Rozzell's Ferry Road in Charlotte, North Carolina. The plaintiff was driving his 1977 Triumph automobile in a southeasterly direction on Belhaven Boulevard and approaching the intersection of Rozzell's Ferry Road. Belhaven Boulevard was a four lane

street at that point and the plaintiff was traveling in the inside lane. The defendant was driving his 1975 Chevrolet panel truck on Belhaven Boulevard and approaching the intersection from the opposite direction from the plaintiff. The light was green for both parties.

The defendant attempted to turn left off Belhaven Boulevard onto Rozzell's Ferry Road. The left front corner of the plaintiff's vehicle struck the right rear side of the defendant's truck. The plaintiff testified it was daylight and he could see the stoplight at the intersection from approximately one-half mile. The closest car to him proceeding in the same direction was "[m]aybe five car lengths or more" in front of him as he approached the intersection. He saw a police vehicle turn left in front of him when he was approximately three car lengths from the intersection. The police vehicle turned into Rozzell's Ferry Road. The plaintiff was driving at approximately 20 miles per hour. The defendant then attempted to turn left into Rozzell's Ferry Road and the collision occurred. The plaintiff testified he did not see the defendant's vehicle until the collision occurred.

The jury found negligence on the part of the defendant and contributory negligence by the plaintiff. The court entered a judgment for the defendant and the plaintiff appealed.

*William Benjamin Smith for plaintiff appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by John F. Morris and William J. Garrity, for defendant appellee.*

WEBB, Judge.

[1] The appellant contends it was error to submit the issue of contributory negligence to the jury. This raises the question of whether there was evidence from which a jury could find that the plaintiff did something immediately before the collision that a reasonably prudent man would not have done or failed to do something which a reasonably prudent man would have done which was a proximate cause of the collision. *See* 9 Strong's N.C. Index 3d Negligence § 1 (1977) for a definition of negligence. If there was contributory negligence on the part of the plaintiff it was his failure to keep a proper lookout and to keep his vehicle under control so as to avoid the collision. The evidence is that the

visibility was clear. A police vehicle cleared the intersection approximately three car lengths in front of the plaintiff. The plaintiff testified that he did not see the defendant's vehicle until the time of the collision. This is evidence that the plaintiff did not keep a proper lookout. We believe the evidence that the plaintiff's vehicle struck the defendant's vehicle on the rear portion of the panel truck is evidence from which a jury could conclude that if the plaintiff had kept a proper lookout he could have avoided the collision. The jury could find that the defendant made the turn a sufficient amount of time before the plaintiff entered the intersection so that his vehicle was more than halfway past the plaintiff's vehicle at the time of the collision. The jury could find from this that with more vigilance the plaintiff could have avoided the collision. This would support a finding that the plaintiff failed to do something a reasonably prudent man would have done which was a proximate cause of the collision. The contributory negligence issue was properly submitted to the jury.

We do not believe our decision in this case is inconsistent with *Hout v. Harvell*, 270 N.C. 274, 154 S.E. 2d 41 (1967); *Dolan v. Simpson*, 269 N.C. 438, 152 S.E. 2d 523 (1967); *Cline v. Atwood*, 267 N.C. 182, 147 S.E. 2d 885 (1966); *Moore v. Hales*, 266 N.C. 482, 146 S.E. 2d 385 (1966); or *Petree v. Johnson*, 2 N.C. App. 336, 163 S.E. 2d 87 (1968) upon which the appellant relies.

In *Hout* our Supreme Court affirmed the sustaining of a demurrer to a complaint because on the allegations of the complaint the defendant could not have avoided the collision. In this case we have held that on the evidence a jury could find the plaintiff could have avoided the collision. In *Dolan* our Supreme Court affirmed a judgment of nonsuit where all the evidence showed the vehicle in which the plaintiff was riding turned in front of the defendant's vehicle at a time when the defendant could not have avoided the collision. The evidence in *Dolan* showed the defendant was keeping a proper lookout. In *Cline* the evidence showed the defendant was the approaching vehicle and was doing all he could to avoid the collision. Our Supreme Court held that a judgment of nonsuit should have been entered. In *Moore* all the evidence showed that as plaintiff entered an intersection on a dominant street the defendant drove her vehicle through a stop sign and into the side of the plaintiff's vehicle. Our Supreme Court held it was error to submit an issue of contributory negligence. The facts in *Moore*

are easily distinguishable from the facts in this case. In *Petree* the evidence showed that when the defendant turned in front of the plaintiff the plaintiff did all she could to avoid the collision. Our Supreme Court held that it was not error to overrule the defendant's motion for nonsuit on the ground the evidence showed contributory negligence as a matter of law. In *Petree*, as in this case, contributory negligence was held to be a question for the jury.

[2] The appellant also assigns error to the defendant's eliciting from the plaintiff testimony on cross examination that he had been convicted of speeding. This was error. G.S. 8C-1, Rule 609(a) prohibits the admission of evidence of crimes which are not punishable by more than 60 days confinement for the purpose of attacking the credibility of a witness. We do not believe this error was prejudicial. The appellant must show not only that there was error but he must also show that if the error had not occurred there is a reasonable probability that the result of the trial would have been different. *See Gregory v. Lynch*, 271 N.C. 198, 155 S.E. 2d 488 (1967). We cannot hold there is a reasonable probability that a jury would find the plaintiff's testimony incredible because he had been convicted on one occasion of speeding.

No error.

Judges WHICHARD and JOHNSON concur.