CARROLL DEAN EASON AND WIFE, CHONG AE EASON v. ROCKY LEE BARBER AND TERRY LEE BARBER

No. 8727SC727

(Filed 15 March 1988)

1. **Automobiles and Other Vehicles § 79— collision at intersection—contributory negligence**

   The trial court did not err in an action arising from a collision at an intersection by denying plaintiffs' motion for judgment notwithstanding the verdict where the jury, having been fully apprised of applicable law, was entitled to construe the evidence of plaintiff's excessive speed as a breach of his duty to keep a proper lookout, drive at a lawful speed, and exercise due care to avoid collision with defendant's car, thereby finding plaintiff contributorily negligent.

2. **Automobiles and Other Vehicles § 79— left turn—collision—verdict not against greater weight of the evidence**

   The trial court did not err in an action arising from a collision with an automobile making a left turn in denying plaintiffs' motion for a new trial because the verdict was against the greater weight of the evidence where there was evidence that defendant, giving no indication that he intended to turn left, suddenly swerved out in front of plaintiff approximately 15 feet from plaintiff's motorcycle, but there was testimony relating to plaintiff's excessive speed, failing to keep a proper lookout, and failing to use due care to avoid the collision.

3. **Automobiles and Other Vehicles § 46— opinion of bystanders as to speed— youthful witnesses—testimony admissible**

   The trial court did not err in an automobile accident case by admitting the testimony of a seventeen-year-old and an eighteen-year-old witness as to plaintiff's excessive speed where there was no indication that defendants' witnesses lacked either ordinary intelligence or reasonable opportunity to observe the incident. N.C.G.S. § 8C-1, Rule 701.

4. **Automobiles and Other Vehicles § 46— opinion as to speed—intermittent observation—admissible**

   The trial court did not err in an automobile accident case by admitting defendant's testimony as to plaintiff's speed where defendant observed plaintiff's approach at a 250 foot distance and again at a 150 foot distance. It is not necessary for a witness to observe the action described continuously, only that the witness had perceived the incident sufficiently to have gained a rational basis on which to formulate an opinion.

APPEAL by plaintiffs from *Hyatt, J. Marlene, Judge*. Judgment entered on the verdict 11 May 1987 in GASTON County Superior Court. Heard in the Court of Appeals 6 January 1988.

This action was instituted to recover damages resulting from the collision of plaintiff Carroll Dean Eason's motorcycle with defendants' car. Plaintiff's wife, Chong Ae, joined in plaintiff's action seeking recovery for loss of consortium. Defendant Terry Lee Barber, owner of the motor vehicle driven by his minor son, defendant Rocky Lee Barber, counterclaimed for damages incurred as a result of the same collision.

The matter came on for trial before a jury 4 May 1987. Over plaintiffs' objections, defendants presented witnesses who testified as to the speed of plaintiffs' motorcycle just before the collision. At the close of all the evidence, plaintiffs moved for a directed verdict on grounds that defendants had failed to prove plaintiff Carroll Dean Eason's contributory negligence as a matter of law. The trial court denied plaintiffs' motion and submitted eight issues to the jury which, over plaintiffs' objection, included an issue of plaintiffs' contributory negligence. The jury returned a verdict finding that the defendant Rocky Lee Barber was negligent but that plaintiff Carroll Dean Eason was also contributorily negligent.

The evidence at trial tended to show that on 11 July 1986 at approximately 11:20 p.m., plaintiff Carroll Eason was driving his motorcycle en route home when he approached the intersection of Catawba Avenue and South Main Street in Mount Holly. Plaintiff Eason testified that he saw defendant Rocky Barber approaching the intersection from the opposite direction and that defendant appeared to be only 15 feet away from plaintiff when he turned left into plaintiff Eason's lane. Witnesses for defendants testified that plaintiff appeared to be travelling between 35-50 m.p.h. in a 20 m.p.h. zone. Martin Owensby, plaintiffs' witness who was driving immediately behind plaintiff, testified that plaintiff was travelling about 15 m.p.h. as he approached the intersection.

From the trial court's denial of plaintiffs' subsequent motions for judgment notwithstanding the verdict and a new trial, plaintiffs appeal.

*Harris, Bumgardner & Carpenter, by Reid C. James and Nancy C. Northcott, for plaintiffs-appellants.*

*Stott, Hollowell, Palmer & Windham, by Douglas P. Arthurs, for defendants-appellees.*

WELLS, Judge.

[1]  Under their first assignment of error plaintiffs argue that denial of their motion for judgment notwithstanding the verdict constituted reversible error in that plaintiffs were entitled to judgment as a matter of law. Determination of whether to grant a judgment notwithstanding the verdict is made by viewing the evidence, and all reasonable inferences therefrom, in the light most favorable to the non-movant. *DeHart v. R/S Financial Corp.*, 78 N.C. App. 93, 337 S.E. 2d 94 (1985), *cert. denied*, 316 N.C. 376, 342 S.E. 2d 893 (1986). In the present case, plaintiffs claim that under applicable law, the evidence compels a finding in their favor.

Plaintiffs rely on *Petree v. Johnson*, 2 N.C. App. 336, 163 S.E. 2d 87 (1968) in which this Court held that a driver attempting to make a left-hand turn is bound to exercise reasonable care in determining whether the turn can be made safely. Plaintiff's claim that defendant Rocky Barber's failure to realize that Eason's speed coupled with the two vehicles' proximity at the intersection breached his duty of care under *Petree, supra*, thereby rendering defendant liable. While true, the law likewise imposes a correlative duty upon oncoming drivers. It is expected:

> . . . in the absence of notice to the contrary that the oncoming motorist will maintain a proper lookout, drive at a lawful speed, and otherwise exercise due care to avoid collision with the turning vehicle.

*Cooley v. Baker*, 231 N.C. 533, 58 S.E. 2d 115 (1950).

In the present case, the jury, having been fully apprised of the applicable law, was entitled to construe the evidence of Eason's excessive speed (35-50 m.p.h. in a 20 m.p.h. zone) as a breach of his duty to keep a proper lookout, drive at a lawful speed, and exercise due care to avoid collision with defendant Barber's car, thereby finding plaintiff contributorily negligent. Plaintiffs' first assignment of error is overruled.

[2]  By their second assignment of error, plaintiffs argue that the trial court committed reversible error in denying plaintiffs' motion for a new trial because the verdict was against the greater weight of the evidence and because the trial court's instructions to the jury regarding contributory negligence were not supported by the evidence.

Under N.C. Gen. Stat. § 1A-1, Rule 59, a party may obtain a new trial either for errors of law committed during trial or for a verdict not sufficiently supported by the evidence. *Britt v. Allen*, 291 N.C. 630, 231 S.E. 2d 607 (1977). Where errors of law were committed, such as charging the jury on an issue not supported by the evidence, the trial court is required to grant a new trial. *Jacobs v. Locklear*, 310 N.C. 735, 314 S.E. 2d 544 (1984).

Plaintiffs argue that the verdict went against the greater weight of the evidence because defendant, giving no indication that he intended to turn left, suddenly swerved out in front of plaintiff Eason approximately 15 feet from his motorcycle. Because plaintiff was entitled to assume that the Barber vehicle would wait until plaintiff had passed to make the turn safely, *Brown v. Brown*, 38 N.C. App. 607, 248 S.E. 2d 397 (1978), plaintiff argues that the sole responsibility for the collision rests with defendant. This argument, however, fails to refute or nullify the evidence of plaintiff's own negligence as indicated by the testimony relating to plaintiff's excessive speed, failure to keep a proper lookout, and failure to use due care to avoid the collision. The verdict, therefore, cannot be said to be against the greater weight of the evidence. Plaintiffs' second assignment of error is overruled.

[3] Under their fourth assignment of error, plaintiffs complain that defendants' witnesses who testified as to plaintiff's excessive speed were not competent to do so. We disagree.

N.C. Gen. Stat. § 8C-1, Rule 701 of the Rules of Evidence allows for the admission of lay opinion if it is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." In North Carolina the general rule for admission of opinion testimony on speed is that ". . . a person of ordinary intelligence and experience is competent to state his opinion as to the speed of a vehicle when he has had a reasonable opportunity to observe the vehicle and judge its speed." *Insurance Co. v. Chantos*, 298 N.C. 246, 258 S.E. 2d 334 (1979).

In the present case, plaintiffs complain that defendants' witnesses were either too inexperienced or lacked the requisite opportunity to observe plaintiff's vehicle to have formulated a "valid" opinion. We believe otherwise.

Plaintiffs complain primarily that each of defendants' three witnesses lacked the necessary driving experience to formulate a reliable opinion on vehicular speed. Plaintiffs point out that one of the witnesses, Michael Lamberth, who was a passenger in defendant's car at the time of the collision and had testified that plaintiff appeared to be travelling 35 m.p.h., was only 17 years old and had had only nine months of driving experience at the time. Additionally, plaintiffs complain that James Hart, II, a witness who had observed plaintiff's approach from a parking lot adjacent to the intersection and who testified that plaintiff appeared to be travelling 40-50 m.p.h., was only 18 years old and had been driving for only 14 months.

The foregoing accounts of the witnesses' youth and driving experience fail to persuade us of any incompetency in their testimony. Under *Insurance Co. v. Chantos, supra* and Rule 701, it is sufficient only that the witness be a person of ordinary intelligence and have had an opportunity to observe the incident. There is no indication in the present record that defendants' witnesses lacked either ordinary intelligence or a reasonable opportunity to observe the incident. We therefore find that witnesses Lamberth and Hart were competent to testify on the speed of plaintiff's motorcycle as it approached the intersection.

[4] Finally, plaintiffs contend that defendant Barber's observation of plaintiff's approach, once at a 250 foot distance and again at a 150 foot distance, lacked the continuity required to provide Barber with a reliable perception of the plaintiff's speed. We disagree. It is not necessary for a witness to observe the action described *continuously, Cockrell v. Transport Co.*, 295 N.C. 444, 245 S.E. 2d 497 (1978); *Loomis v. Torrence*, 259 N.C. 381, 130 S.E. 2d 540 (1963); only that the witness have perceived the incident sufficiently to have gained a rational basis on which to formulate an opinion. We believe that defendant Barber had ample opportunity to observe plaintiff's vehicle approach the intersection such that his testimony on plaintiff's speed was competent and admissible. Plaintiffs' fourth assignment of error is overruled.

No error.

Judges ARNOLD and SMITH concur.